[No. D045481. Fourth Dist., Div. One. Nov. 4, 2005.]

BLACK HISTORICAL SOCIETY, Plaintiff and Appellant, v.
CITY OF SAN DIEGO et al., Defendants and Respondents;
WAKELAND HOUSING AND DEVELOPMENT et al., Real Parties in
Interest and Respondents.

## COUNSEL

Kenneth N. Hamilton for Plaintiff and Appellant.

Michael J. Aguirre, City Attorney, Deborah M. Smith and Justin M. Booth, Deputy City Attorneys, for Defendants and Respondents.

Sullivan Wertz McDade & Wallace and Jenny K. Goodman for Real Party in Interest and Respondent Wakeland Housing and Development.

Lounsbery Ferguson Altona & Peak and Judith Hartwig for Real Party in Interest and Respondent Centre City Development Corporation.

## OPINION

**McCONNELL, P. J.**—The Black Historical Society (Society) filed a petition for a writ of mandate challenging the approval of a low-income housing development on a site with historical significance. However, the Society failed to obtain or file with the court a copy of the administrative record or an opening brief. Its failure was based on a belief it was not required to pay the costs of preparing the record despite statutory law and a court order to the contrary. Because the Society failed to obtain the record or file a brief and because there were time constraints for financing of the housing project, the court granted a motion to dismiss the Society's petition in October 2004. We affirm.

### FACTS

The City of San Diego (the City) issued a development permit to Wakeland Housing and Development (Wakeland) to construct low-income apartments along J Street in the East Village District of San Diego that, in part, had been

designated a local Historic Resource Site. Wakeland had been allocated federal and California low-income-housing tax credits for the project conditioned on construction starting no later than November 15, 2004. If Wakeland missed the November 15, 2004 deadline, it would not only lose the tax credits, but also lose a $45,000 performance deposit, and would receive "negative points for non-compliance" that would hinder Wakeland's ability to obtain tax credits for other projects.

The Society filed a petition for a writ of mandate challenging the permit in March 2004, naming the City, San Diego City Council, and City of San Diego Redevelopment Agency as defendants, and Wakeland and Centre City Development Corporation as real parties in interest. In its second amended petition, the Society alleged causes of action based on the failure to implement California Environmental Quality Act (CEQA) Guidelines within the City, violations of Environmental Quality Implementation Procedures, violations of the City's Municipal Land Development Code, and violations of the standards for using funds from the Horton Plaza Redevelopment project.

On June 4, 2004, the Society requested the City prepare the administrative record and deliver it within 190 days. The City asked the Society to provide a $2,000 deposit for preparation of the record. In early August, after the Society indicated it intended to seek a waiver of costs for preparing the administrative record, the City told the Society it was incurring costs in preparing the record, and Code of Civil Procedure sections 1094.5, subdivision (a) and 1094.6, subdivision (c) required the Society to pay for the costs of preparing the record, and requested the Society inform the City how it intended to proceed. Thereafter, in response to the Society's request, the City provided the Society with cost estimates for preparation of the record and renewed the request for a deposit. On August 24, following a hearing, the court ordered the parties to meet and confer as to the cost of the administrative record, as to an expedited briefing schedule and to notify the court whether the case was brought under CEQA.

On September 2, 2004, the City sent a letter to the Society stating the administrative record was complete and available for review. Also on September 2, the court ordered the Society to bear the costs of preparing the administrative record and set a briefing schedule requiring the Society to file an opening brief by September 21.

On September 13, after the City had certified the administrative record, the court ordered the Society to meet and confer with the City within 24 hours as to payment for the record. The City and the Society conferred but their positions remained unchanged. The Society told the City it would be setting an ex parte hearing to address the issue but did not do so.

The Society brought an ex parte application requesting an extension of time to file its opening brief. The Society argued it needed 30 days to prepare the brief after the administrative record was released. The briefing schedule was altered to allow the Society until October 12, 2004, to file its opening brief (30 days after the court ordered the record to be certified) and the time for Wakeland's response was shortened.

When the Society failed to file an opening brief by October 12, 2004, Wakeland brought an ex parte motion for dismissal for lack of prosecution. The defendants filed papers in support of the motion to dismiss. The Society opposed the motion, claiming it had been "prevented from filing its [brief] by the City," because the City had held the Society's "copy of the administrative record ransom for full payment of the administrative record as calculated by the City." The Society did "not dispute that the cost of preparing the administrative record should be awarded to the prevailing party or that it would be proper for a petitioner to pay for the reasonable costs of preparing the administrative record upon its receipt when petitioner can bear the costs." The Society also objected to the court's acceptance of Wakeland's ex parte application for a noticed motion, and shortening time "for a noticed motion to address the subject in Wakeland's ex-parte application."

The court granted Wakeland's motion to dismiss following a hearing on October 28, 2004. The court stated: ". . . [A]n order was made on September 2nd that the [Society] pay for the administrative record. Since that date, September 2nd, there has been no request for review of that order, there has been no challenge to that order, there has been no request to reconsider that order, there has been no request for clarification of that order. The position of the City has been constant throughout this proceeding in regard to its position to release the record upon payment.

"No motion to modify the order of September 2nd has been made, and I note that today I have no motion made by [the Society] to modify the order that was made September 2nd."

## DISCUSSION

### I

#### *Dismissal of Appeal*

Respondents contend we should dismiss the appeal because the Society failed to timely file its opening appellate brief.

The Society's opening brief on appeal was originally due in early February 2005, but upon a motion by the Society, we granted an extension. On March

24, 2005, we filed the Society's request for 60-day extension. The Society represented the parties were engaged "in negotiations likely to result in a settlement of the appeal." The Society appended a February 23, 2005 letter from the City to the Society stating a draft settlement agreement was attached and City staff was reviewing the terms of the settlement. We granted an extension, thus giving the Society until late May to file its opening brief. This extension was granted before Wakeland had time to respond. Wakeland opposed the extension, stating it was "NOT in negotiations with [the Society]" and would "NOT settle this matter." Wakeland appended a March 16, 2005 letter from the Society to the City indicating the Society was only willing to settle if all parties agreed to a settlement. On March 29, 2005, we rescinded the extension and modified the due date for the Society's opening brief to April 4. On April 1, the Society filed a letter with this court complaining we had "demonstrated an [un]willingness to be impartial in this case." When we took no action in response to this letter, the Society filed an emergency petition for writ of mandate with the California Supreme Court seeking a change of venue based on the asserted failure of this court to be impartial. The Supreme Court denied the petition in April and we filed a copy of the denial on April 18. On April 19, the Society finally filed its opening brief.

■ California Rules of Court,[1] rule 17(a) requires a notice be sent when a brief is not timely filed, stating the brief must be filed within 15 days or the appeal could be dismissed. Essentially, there is a 15-day grace period; a party need not file for an extension or relief from default if the brief can be filed within the time prescribed by rule 17. (See rule 15(b)(3); Advisory Com. com., 23 pt. 1 West's Ann. Codes, Rules (2005) foll. rule 17, p. 324.)

The Society's brief was filed on April 19, 2005, within 15 days of the April 4 due date and the day after we filed the order from the Supreme Court denying the Society's petition. We consider the Society's brief to be timely filed within the rule period. Accordingly, we decline to dismiss the appeal on this basis.

---

[1] All references to rules are to the California Rules of Court.

II

## (A)   Ex Parte Application for Dismissal

The Society contends Wakeland's ex parte application for dismissal was defective because there was no showing of immediate harm to excuse the filing of a noticed motion. (See rule 379(g).)[2]

We find this argument disingenuous. The Society in its own memorandum opposing dismissal acknowledged the court had denied Wakeland's ex parte application for a dismissal of the case and had instead accepted Wakeland's filing as a noticed motion. Thus, the case was not dismissed based on an ex parte application, but a noticed motion.

Moreover, the record contains a showing of immediate harm. Prior to Wakeland's motion for dismissal, the court had ordered an expedited briefing schedule based on Wakeland's construction deadline of November 15, 2004. The court was entitled to conclude the construction deadline presented sufficient urgency to support both an expedited briefing schedule and expedited resolution of Wakeland's motion to dismiss after the Society had failed to file the administrative record or to file an opening brief.

While it is true, as the Society points out, that the court had denied the Society's application for a stay and thus Wakeland was not prevented from beginning construction, it does not follow that Wakeland would not suffer substantial harm if the case were not resolved by November 15. Regardless of the existence of a stay, Wakeland faced incurring substantial construction losses if it were to begin construction before the resolution of the case if the Society were to prevail on its petition. Substantial evidence in the record supports a finding of urgency to resolve the case prior to November 15.

Alternatively, the Society argues the court erred in shortening time to hear the motion. The Society points out that rule 373(a) requires a 45-day notice period for a motion to dismiss under Code of Civil Procedure section 583.410 et seq. Section 583.410 grants a court discretion to dismiss an action for delay in prosecution if the service is not made within two years after the action was commenced (*ibid.*; Code Civ. Proc., § 583.420, subd. (a)(1)) or

---

[2] Rule 379(g) states: "An [ex parte] applicant must make an affirmative factual showing in a declaration containing competent testimony based on personal knowledge of irreparable harm, immediate danger, or any other statutory basis for granting relief ex parte."

was not brought to trial within two or three years (*id.*, § 583.420, subd. (a)(2)). As Wakeland points out, its motion for dismissal was not brought under this statute.[3]

As we noted *ante*, there was substantial evidence in the record supporting a finding of urgency, that is, that matters be resolved prior to the November 15 construction date. The court also had before it evidence indicating the parties had reached an impasse about payment for the record and there was no evidence suggesting additional time would result in resolution of the impasse. Under these circumstances, we find no abuse of discretion by the court in shortening the time to hear the motion.[4]

### (B)  Dismissal for Failure to File Opening Brief

The Society contends it was prevented from filing its opening brief because the City held the administrative record hostage and refused to release it without advance payment. The Society contends the record should have been released to it and it was liable for payment only if it failed to prevail on its petition. We disagree.

First, statutory law generally requires a petitioner for a writ of mandate to bear the costs of preparing the record. (See Code Civ. Proc., §§ 1094.5, subd. (a), 1094.6, subd. (c); Pub. Resources Code, § 21167.6, subd. (b)(1).) This court has observed "taxpayers . . . should not have to bear the cost of preparing the administrative record in a lawsuit brought by a private individual or entity." (*River Valley Preservation Project v. Metropolitan Transit Development Bd.* (1995) 37 Cal.App.4th 154, 182 [43 Cal.Rptr.2d 501].)

Second, in this case, the court made an explicit order on September 2, 2004, requiring the Society to bear the costs of preparing the administrative

---

[3] Further, the court has discretion to shorten the notice period required by Code of Civil Procedure section 583.410 et seq. (*Eliceche v. Federal Land Bank Assn.* (2002) 103 Cal.App.4th 1349, 1369 [128 Cal.Rptr.2d 200].) "An exercise of discretion will be disturbed on appeal only if the court exercised it in an arbitrary, capricious, or patently absurd manner resulting in a manifest miscarriage of justice." (*Baltayan v. Estate of Getemyan* (2001) 90 Cal.App.4th 1427, 1434 [110 Cal.Rptr.2d 72]; see *Williams v. Freedomcard, Inc.* (2004) 123 Cal.App.4th 609, 614 [20 Cal.Rptr.3d 220].)

[4] The Society also contends the court abused its discretion when it changed the hearing dates for setting the briefing schedule in early September and in ordering expedited briefing without any showing of urgency. Not only has the Society failed to provide a record to support its assertion, it has not shown that it suffered any prejudice. The Society has not shown it would have otherwise obtained the administrative record and timely filed its brief had the hearing date not changed. Similarly without merit is the Society's argument the parties had always understood that August 20 was the date when the briefing schedule would be issued by the court. No briefing schedule, however, was then issued and the Society has shown no prejudice from having the briefing schedule issued on a later date.

record. Nothing in this order suggested the City was required to release the record without prior payment.

Third, the Society, despite the court order and despite clear notification the City would not release the record without prepayment, never sought a court order requiring the City to release the record without prepayment. The Society suggests the court should have addressed the payment issue at the September 13 hearing and abused its discretion when it ordered the parties to meet and confer within 24 hours on the payment issue. We find no abuse of discretion. It was not unreasonable for the court to have the parties make one last effort to resolve the payment issue. If the Society was unsatisfied with the results of the meet-and-confer, then it had the responsibility to return to court to resolve the issue.

Fourth, in an October 5, 2004 letter to the City, the Society stated it "had no intention of making advance payment for such record in any event," that the Society "would not be issuing payment for such record let alone pay for the record in advance," and that the City had only itself to blame for incurring the costs of producing the record. This letter indicates the Society had adopted a position refusing to obtain the administrative record despite the fact obtaining the record was necessary to prosecute the action.

Fifth, the Society never availed itself of alternate means of obtaining the record, for example, preparing the record itself. (See Pub. Resources Code, § 21167.6, subd. (b)(2).)

In sum, the record before the court indicates that although the Society had requested the City prepare the administrative record, it then failed to take any further necessary steps to obtain the record, that is, to pay the costs of preparation as ordered by the court or to seek modification of the court's order to permit a waiver of costs or delayed payment. Based on this evidence, the court could reasonably conclude the Society had no good faith intention to obtain the record, file an opening brief, or pursue the litigation. Under these circumstances, the court did not abuse its discretion in granting the motion for dismissal based on the Society's failure to prosecute the matter.

### III

*Sanctions*

Wakeland requests sanctions be imposed against the Society for filing a frivolous appeal, contending the appeal was brought solely for the purposes of harassment and delay. The Society responds that Wakeland has a "hatred" of the Society and is trying "to financially burden the . . . Society through

sanctions because Wakeland believes if it can break the organization financially it will cease to exist." The Society asserts it is "appealing because it honestly believes it can show that the City violated laws designed to limit the environmental impact of development projects," "believes black historical sites deserve equal protection under the law," and is not trying to simply delay the project.

■ An appellate court may impose sanctions for a frivolous appeal. (*Pollock v. University of Southern California* (2003) 112 Cal.App.4th 1416, 1431–1432 [6 Cal.Rptr.3d 122].) "[A]n appeal should be held to be frivolous only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit." (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 [183 Cal.Rptr. 508, 646 P.2d 179].) "*Flaherty* cautions that 'any definition [of a frivolous appeal] must be read so as to avoid a serious chilling effect on the assertion of litigants' rights on appeal. Counsel and their clients have a right to present issues that are arguably correct, even if it is extremely unlikely that they will win on appeal. An appeal that is simply without merit is *not* by definition frivolous and should not incur sanctions.' " (*Bach v. County of Butte* (1989) 215 Cal.App.3d 294, 310 [263 Cal.Rptr. 565]; see *Johnson v. Lewis* (2004) 120 Cal.App.4th 443, 457 [15 Cal.Rptr.3d 507].)

Initially, we note Wakeland's request for sanctions (in which the other respondents join) is a largely futile effort since it appears unlikely the Society has sufficient funds to pay any sanctions. We also note Wakeland has not requested any particular amount of sanctions.

Second, while we agree with the Society that preserving Black historical sites is a worthy goal, we have no opinion whether the Society's claims have any merit since there is no administrative record and the underlying merits were never reached. The record we have shows the Society chose not to pursue its claims; it merely filed a petition and then did not take the further necessary steps of obtaining the administrative record (by preparing the record itself, paying for the record, or seeking a court order waiver of costs or deferred payment) and filing an opening brief. The Society engaged in further delays on appeal, its opening brief contains references to facts not supported by the record, and its appendix contains irrelevant matters, unconformed copies, and, according to Wakeland, is missing certain relevant documents. The Society's arguments on appeal are weak, to some extent based on misrepresentations of the records and, in part, raise irrelevant issues. Certainly, given the pattern of conduct both below and on appeal, an inference could be drawn that the Society's goal in this litigation was not to prevail on

the merits but to harass Wakeland and delay the project. However, the procedures followed in this case, including the expedited motion to dismiss, were unusual and the Society raised not completely meritless legal issues as to its propriety. We decline to find the Society's appeal was taken solely for the purposes of delay or harassment or was without merit. Accordingly, we decline to award sanctions.

## DISPOSITION

The judgment is affirmed. The respondents are awarded costs on appeal.

Benke, J., and O'Rourke, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 22, 2006, S140329.