NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AKSHAR GLOBAL INVESTMENTS CORP., a California corporation, <br><br> Plaintiff, <br><br> and <br><br> AMITKUMAR SHAH, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> CITY OF LOS ANGELES, a municipal corporation; DOES, 1-10 inclusive, <br><br> Defendants-Appellees. | No.   22-55394 <br><br> D.C. No. 2:18-cv-04541-MWF-PVC <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted March 10, 2023
Pasadena, California

Before:  KLEINFELD, WATFORD, and COLLINS, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Amitkumar Shah appeals from the district court's order granting summary judgment to the City of Los Angeles on his Fourth Amendment claim brought under 42 U.S.C. § 1983 and on his writ of mandate claim under California Code of Civil Procedure § 1094.5. We affirm the district court's decision on the § 1983 claim because that claim is beyond the scope of our prior mandate in this case. Regarding the writ of mandate claim, we vacate the judgment and remand for the district court to dismiss this claim without prejudice.

**1.** In the prior appeal in this case, we affirmed the dismissal of Shah's claims against the City, including his Fourth Amendment claims, with one exception: We authorized Shah on remand to amend his allegation that the City violated the Supreme Court's decision in *City of Los Angeles v. Patel*, 576 U.S. 409 (2015), by enforcing a conditional use permit (CUP) that authorized police to search his motel's registration records without any precompliance review. *See Akshar Global Investments Corp. v. City of Los Angeles*, 817 F. App'x 301, 304–07 (9th Cir. 2020). Under the rule of mandate, the district court was not permitted to take any action inconsistent with that limited remand. *See Stacy v. Colvin*, 825 F.3d 563, 568 (9th Cir. 2016).

Shah initially followed our mandate by amending his complaint to allege that, on May 24, 2016, three police officers enforced the CUP by demanding that they be permitted to inspect the motel's registration records. But Shah and his wife

2

later deviated from this allegation by instead claiming in their depositions that, on the day in question, up to ten officers unlawfully entered their living quarters, announced that an undercover operation showed that the Shahs had violated rental regulations, and then proceeded to search their records without valid consent. Regardless of whether this non-CUP-based theory states a Fourth Amendment violation, it is beyond the scope of the *Patel* claim that we remanded. The district court lacked authority to entertain the different Fourth Amendment theory Shah asserted since it conflicts with the scope of our mandate, which was expressly limited to considering a claim that the search occurred pursuant to the CUP condition. *See United States v. Thrasher*, 483 F.3d 977, 982 (9th Cir. 2007). Because, in response to the City's summary judgment motion, Shah never asserted—much less provided evidence to support—a *Patel* claim based on the CUP, Shah failed for that reason to create a triable issue of fact as to the only claim we permitted him to assert on remand. We therefore affirm the order granting summary judgment to the City on this alternative ground. *See Richards v. County of San Bernardino*, 39 F.4th 562, 569 (9th Cir. 2022).[1]

---

[1] Shah argues that under *Nissan Fire & Marine Insurance Co. v. Fritz Cos.*, 210 F.3d 1099, 1102–03 (9th Cir. 2000), he was not required to show that his allegations fall within the scope of our mandate because that was not the basis of the City's motion for summary judgment. But for the reasons described above, regardless of whether the City raised the issue, Shah was not permitted to pursue a claim that our prior decision foreclosed. *See Stacy*, 825 F.3d at 568. And if Shah

3

**2.** Shah's writ of mandate claim challenged the City's imposition and subsequent revocation of the CUP by alleging that the City failed to follow proper procedures and that the City based its decisions on insufficient evidence. But Shah failed to pay for the preparation of the administrative record, as required by state law. *See Black Historical Society v. City of San Diego*, 36 Cal. Rptr. 3d 378, 383–84 (Ct. App. 2005). The district court therefore properly held that, in the absence of the administrative record, it could not go forward with the writ claim. However, failure to pay for the preparation of the record amounts to a failure to prosecute, *see id.* at 384, which under California law warrants only dismissal without prejudice, *see Hardy v. America's Best Home Loans*, 181 Cal. Rptr. 3d 685, 691 (Ct. App. 2014). We accordingly vacate the district court's decision with respect to Shah's writ of mandate claim and remand with instructions to dismiss this claim without prejudice.

**AFFIRMED in part; VACATED and REMANDED in part.**

The parties shall bear their own costs.

---

thought that the City's motion had overlooked the true gravamen of his claim in seeking dismissal of the entire case, then it was incumbent upon him, in opposing that motion, to assert that point. *See Estate of Shapiro v. United States*, 634 F.3d 1055, 1060 (9th Cir. 2011) (holding that party abandons a claim by "failing to raise it in opposition" to a "motion for complete summary judgment").

4