[No. D045798. Fourth Dist., Div. One. Feb. 7, 2006.]

PROGRESSIVE CONCRETE, INC., Plaintiff and Respondent, v.
RON PARKER, Defendant and Appellant.

## Counsel

Joe B. Cordileone & Associates, Joe B. Cordileone, Cynthia L. Stratton and Silvia V. Townsend for Defendant and Appellant.

Law Offices of Robert A. Waller, Jr., and Robert A. Waller for Plaintiff and Respondent.

## Opinion

**McDONALD, J.**—This case presents the question of whether an employer's failure to post an undertaking pursuant to Labor Code section 98.2, subdivision (b)[1] deprives the trial court of jurisdiction to consider the employer's appeal of the State of California Labor Commissioner's (Commissioner) award in favor of the employee. The trial court implicitly denied employee Ron Parker's motion to dismiss employer Progressive Concrete, Inc.'s (Progressive) appeal of the Commissioner's award of unpaid sales commissions and, after a de novo bench trial, entered a judgment awarding him a lesser amount than the Commissioner's award. On appeal to this court, Parker contends that because section 98.2, subdivision (b) provides an employer filing an appeal "shall" post an undertaking in the amount of the Commissioner's award and Progressive did not do so, the trial court erred by denying his motion to dismiss Progressive's appeal of that award.

### FACTUAL AND PROCEDURAL BACKGROUND

During the period July 1996 through March 2001, Parker apparently was employed by both Progressive and Concrete Images International, Inc. (Concrete) (together Employers), as a sales coordinator. He was to be paid commissions for sales he obtained for each Employer based on agreed percentages depending on the amount of the contract.

In May 2002 Parker filed a claim with the Commissioner against Employers for unpaid wages. Following an evidentiary hearing, the Commissioner issued an order dated August 19, 2004, awarding Parker $133,339.38 against Employers for unpaid wages, interest, and penalties. Two weeks before issuance of the Commissioner's order, Parker settled his claim against Concrete for $12,000.

On September 3, Progressive filed a notice of appeal with the San Diego County Superior Court, requesting a section 98.2 de novo hearing of Parker's

---

[1] All further statutory references are to the Labor Code unless otherwise specified.

claim for unpaid wages. Apparently shortly thereafter, Progressive filed an ex parte application for an order staying execution of the Commissioner's award and fixing the appeal bond at a reduced amount based on the $12,000 settlement between Parker and Concrete and other factors.[2] On or about September 15, the trial court apparently issued an order staying execution of the Commissioner's award, fixing the amount of the appeal bond at $122,339.38,[3] and gave Progressive until September 22 to post that bond to continue the stay of execution. The parties agree Progressive did not post the bond by September 22 (and has not since posted that bond). Parker did not file any request or motion for an order requiring Progressive to post a bond as a condition of proceeding with the appeal.

On September 29, Parker filed a notice of ex parte application for shortened notice on motion to dismiss the appeal because Progressive did not timely post the appeal bond. The record on appeal does not contain a copy of the motion to dismiss, which should have been attached to Parker's ex parte application for shortened notice. On or about October 4, Progressive filed its opposition to Parker's "motion to dismiss." On or about October 7, Parker filed a reply to Progressive's opposition.

On or about October 1, Parker apparently filed a writ of execution and notice of levy under writ of execution against property of Progressive in the amount of $121,339.38. On or about October 5, Progressive filed an ex parte application for an order quashing or recalling Parker's writ of execution and notice of levy. On or about October 7, Parker filed his opposition to Progressive's ex parte application. The record on appeal does not contain an order in response to the application to quash or recall the writ of execution.

On October 12, a de novo bench trial of Parker's claim for unpaid wages began. On November 18, the trial court entered judgment for Parker in the amount of $57,668.79 and on April 18, 2005, entered an amended judgment for Parker in the amount of $75,263.79.

---

[2] Although the record on appeal contains only a copy of Progressive's ex parte application not date-stamped as filed with the trial court, we presume Progressive properly filed it with the trial court. We make the same presumption regarding other documents contained in the record on appeal not date-stamped as filed with the trial court.

[3] Although the record on appeal (including the appellant's appendix filed by Parker) does not contain a copy of the court's order, Progressive's notice of ruling, dated September 17, *is* part of the record on appeal and purports to set forth the substance of that order. Because Parker apparently does not dispute the substance of that order as described in Progressive's notice of ruling, we presume, for purposes of this appeal, that the court's order is as described above. However, we note that had the trial court, for appeal undertaking purposes, reduced the $133,339.38 amount awarded by the Commissioner by the amount of the $12,000 settlement between Parker and Concrete, the net amount for appeal undertaking purposes would have been *$121,339.38*, not $122,339.38.

Parker timely filed a notice of appeal.

## DISCUSSION

## I

### Section 98.2

■ If an employer does not pay wages in the amount, time or manner required by contract or statute, an employee may file an unpaid wage claim with the Commissioner pursuant to sections 98 through 98.8 and obtain an administrative "Berman hearing." (*Smith v. Rae-Venter Law Group* (2002) 29 Cal.4th 345, 350 [127 Cal.Rptr.2d 516, 58 P.3d 367]; *Cuadra v. Millan* (1998) 17 Cal.4th 855, 858 [72 Cal.Rptr.2d 687, 952 P.2d 704], disapproved on another ground in *Samuels v. Mix* (1999) 22 Cal.4th 1, 16, fn. 4 [91 Cal.Rptr.2d 273, 989 P.2d 701].)[4] Within 10 days after a party is served with notice of the Commissioner's order, decision or award after a Berman hearing, that party "may seek review by filing an appeal to the superior court, where the appeal shall be heard de novo." (§ 98.2, subd. (a).) "The timely filing of a notice of appeal forestalls the [C]ommissioner's decision, termi-nates his or her jurisdiction, and vests jurisdiction to conduct a hearing de novo in the appropriate court. [Citation.] If no party takes an appeal, the [C]ommissioner's decision will be deemed a judgment, final immediately and enforceable as a judgment in a civil action. [Citations.]" (*Post v. Palo/Haklar & Associates* (2000) 23 Cal.4th 942, 947 [98 Cal.Rptr.2d 671, 4 P.3d 928].)

■ "Although denoted an 'appeal,' unlike a conventional appeal in a civil action, [the] hearing [by the trial court] under the Labor Code is de novo. [Citation.] ' "A hearing *de novo* [under Labor Code section 98.2] literally means a new hearing," that is, a new trial.' [Citation.] The decision of the [C]ommissioner is 'entitled to no weight whatsoever, and the proceedings are truly "a trial anew in the fullest sense." ' [Citation.] The decision of the trial court, after [a] de novo hearing, is subject to a conventional appeal to an appropriate appellate court. [Citation.] Review is of the facts presented to the trial court, which may include entirely new evidence. [Citations.]" (*Post v. Palo/Haklar & Associates, supra*, 23 Cal.4th at pp. 947–948.)

In 2000, section 98.2, subdivision (b) was added and now provides: "*Whenever an employer files an appeal pursuant to this section, the employer*

---

[4] Alternatively, an employee may forgo an administrative hearing and directly file an ordinary civil action for judicial relief against the employer for breach of contract or statutorily required wages. (§§ 218, 1194; *Smith v. Rae-Venter Law Group, supra,* 29 Cal.4th at p. 350; *Cuadra v. Millan, supra,* 17 Cal.4th at p. 858.)

*shall post an undertaking with the reviewing court in the amount of the order, decision, or award.* The undertaking shall consist of an appeal bond issued by a licensed surety or a cash deposit with the court in the amount of the order, decision, or award. The employer shall provide written notification to the other parties and the Labor Commissioner of the posting of the undertaking. The undertaking shall be on the condition that, if any judgment is entered in favor of the employee, the employer shall pay the amount owed pursuant to the judgment, and if the appeal is withdrawn or dismissed without entry of judgment, the employer shall pay the amount owed pursuant to the order, decision, or award of the Labor Commissioner unless the parties have executed a settlement agreement for payment of some other amount, in which case the employer shall pay the amount that the employer is obligated to pay under the terms of the settlement agreement. If the employer fails to pay the amount owed within 10 days of entry of the judgment, dismissal, or withdrawal of the appeal, or the execution of a settlement agreement, a portion of the undertaking equal to the amount owed, or the entire undertaking if the amount owed exceeds the undertaking, is forfeited to the employee." (Italics added.) The crux of this case involves the effect of the term "shall" in the first sentence of section 98.2, subdivision (b): does the trial court *not have jurisdiction* to hear a section 98.2 appeal if an appealing employer does not "voluntarily" post an undertaking *or* is the term "shall" merely directory and requires a court order mandating an appealing employer to post an undertaking before the court can dismiss that employer's section 98.2 appeal as a sanction for not posting the ordered undertaking?

■ The plain language of section 98.2, subdivision (b) does not resolve that question or reveal its underlying legislative intent. Although the term "shall" generally is considered "obligatory" in the sense it is not permissive, in a section 98.2 appeal the term "shall" could be interpreted either as mandatory and jurisdictional *or* as merely directory.[5] If interpreted as mandatory and jurisdictional, an appealing employer's appeal must be dismissed if the required undertaking is not posted because the trial court has no jurisdiction to

---

[5] This is somewhat analogous to the mandatory versus directory distinction recognized in cases interpreting statutes requiring action by administrative agencies. (See, e.g., *Morris v. County of Marin* (1977) 18 Cal.3d 901, 908 [136 Cal.Rptr. 251, 559 P.2d 606]; *Edwards v. Steele* (1979) 25 Cal.3d 406, 410 [158 Cal.Rptr. 662, 599 P.2d 1365].) In *Edwards*, the court stated: "[G]enerally, requirements relating to the time within which an act must be done are directory rather than mandatory or jurisdictional, unless a contrary intent is clearly expressed. [Citations.] In ascertaining probable intent, California courts have expressed a variety of tests. In some cases focus has been directed at the likely consequences of holding a particular time limitation mandatory, in an attempt to ascertain whether those consequences would defeat or promote the purpose of the enactment. [Citations.] Other cases have suggested that a time limitation is deemed merely directory 'unless a consequence or penalty is provided for failure to do the act within the time commanded.' [Citations.]" (*Edwards, supra,* at p. 410.)

hear the appeal. If interpreted as merely directory, an appealing employer's appeal is not necessarily subject to dismissal if the required undertaking is not posted. ■ Because the language of section 98.2, subdivision (b) is ambiguous, we independently determine its meaning by considering its statutory context, its legislative purpose, and the nature and character of the act to be done. (*Smith v. Rae-Venter Law Group, supra*, 29 Cal.4th at pp. 358–359; *Pulcifer v. County of Alameda* (1946) 29 Cal.2d 258, 262 [175 P.2d 1].)

Section 98.2, subdivision (d) provides: "If no notice of appeal of the order, decision, or award is filed within the period set forth in subdivision (a), the order, decision, or award shall, in the absence of fraud, be deemed the final order." Therefore, the Legislature expressly provided that a timely filed notice of appeal is mandatory and jurisdictional under section 98.2, subdivisions (a) and (d). As the California Supreme Court concluded: "The time for filing a notice of appeal from a decision of the Labor Commissioner [i.e., within 10 days] is mandatory and jurisdictional." (*Pressler v. Donald L. Bren Co.* (1982) 32 Cal.3d 831, 837 [187 Cal.Rptr. 449, 654 P.2d 219].) However, section 98.2, subdivision (b)'s language does *not* expressly provide that the posting of an undertaking by an appealing employer is mandatory and jurisdictional and, if not posted, the Commissioner's order, decision or award becomes final.

Section 2673.1, subdivision (g), enacted in 1999 (one year before the amendment adding § 98.2, subd. (b)), deals with claims for unpaid wages in the garment manufacturing industry and adopts the same appeal procedures employed under section 98.2, *but* uses *different* language regarding the appeal bond requirement: "Any party shall have the right to judicial review of the order, decision, or award of the Labor Commissioner made pursuant to paragraph (5) of subdivision (d) as provided in Section 98.2. *As a condition precedent to filing an appeal, the contractor or the guarantor, whichever appeals, shall post a bond* with the Commissioner in an amount equal to one and one-half times the amount of the award. No bond shall be required of an employee filing an appeal pursuant to Section 98.2. . . ." (§ 2673.1, subd. (g), italics added.) By expressly providing the posting of an appeal bond under section 2673.1, subdivision (g) is a *condition precedent* to a contractor's or guarantor's appeal under section 98.2, the Legislature has expressly provided the posting of that required appeal bond is mandatory and jurisdictional. However, although section 98.2, subdivision (d) provides that timely filing a notice of appeal is mandatory and jurisdictional for an appeal of a Commissioner's order, decision or award, section 98.2, subdivision (b), unlike section 2673.1, subdivision (g), does not provide an appealing employer posting an undertaking is mandatory and jurisdictional. We therefore may presume the Legislature did not intend section 98.2, subdivision (b) to have that effect. (Cf. *Edwards v. Steele, supra*, 25 Cal.3d at p. 410.) Furthermore,

had there been such legislative intent, the Legislature presumably would have expressly provided for dismissal of the section 98.2 appeal or a "deemed" final adoption of the Commissioner's order, decision or award for an appealing employer's failure to post the undertaking.

We further conclude the legislative purpose of section 98.2, subdivision (b) does not show the posting of the required undertaking is mandatory and jurisdictional, rather than merely directory. The apparent purpose of the undertaking required by section 98.2, subdivision (b) is to ensure simple and expedient enforcement of any judgment entered in an employee's favor after a de novo appeal by an employer pursuant to section 98.2. However, that purpose is not substantially furthered by the undertaking's being mandatory and jurisdictional in contrast to merely directory; if the required undertaking is directory, a promptly issued trial court order requiring an appealing employer to post the undertaking by a certain date would have substantially the same effect and thereby accomplish the same legislative purpose.

Furthermore, if an appealing employer does not post the section 98.2, subdivision (b) undertaking, the employee possibly may be able to enforce the Commissioner's order, decision or award pending the appeal. In *Buchwald v. Katz* (1972) 8 Cal.3d 493, 497 [105 Cal.Rptr. 368, 503 P.2d 1376], the court interpreted section 1700.44, subdivision (a), which applies to talent agencies and provides: "In cases of controversy arising under this chapter, the parties involved shall refer the matters in dispute to the Labor Commissioner, who shall hear and determine the same, subject to an appeal within 10 days after determination, to the superior court where the same shall be heard de novo. *To stay any award for money, the party aggrieved shall execute a bond* approved by the superior court in a sum not exceeding twice the amount of the judgment. . . ." (Italics added.) *Buchwald* concluded section 1700.44, subdivision (a)'s language did *not* condition the right to appeal on the filing of a bond: "[Section 1700.44, subdivision (a)] confers upon the aggrieved party two separate rights: first, the right to appeal and second, the *right to stay execution of an award and determination of the Labor Commissioner pending appeal by executing a bond* approved by the superior court. *If the aggrieved party fails to exercise this right by filing the requisite bond, then the prevailing party is free to enforce the Labor Commissioner's award; the aggrieved party's right to appeal remains unaffected."* (*Buchwald v. Katz, supra,* 8 Cal.3d at p. 498, italics added.) *Buchwald* explained a prevailing party's right to "enforce" the Commissioner's award: "[T]he proper procedure for enforcing such an award is to first apply to the superior court for judicial confirmation of the award 'in the same manner as awards of private arbitrators under Code of Civil Procedure sections 1285–1288.8. [Fn. omitted.]' *(Buchwald v. Superior Court* [(1967)] 254 Cal.App.2d 347, 358 [62 Cal.Rptr. 364].) 'If an award is confirmed, judgment shall be entered [by the superior court] in conformity therewith. The judgment so entered has the same force

and effect as, and is subject to all the provisions of law relating to, a judgment in a civil action; *and it may be enforced like any other judgment* of the court in which it is entered.' ([Former] Code Civ. Proc., § 1287.4; italics added.)" (*Buchwald v. Katz, supra,* 8 Cal.3d at p. 499.) *Buchwald* concluded: "[S]ince [the aggrieved party] has failed to file the requisite bond, [the prevailing party] may move in the court below to confirm the Labor Commissioner's award, and upon confirmation [of that award] enforce the ensuing judgment." (*Buchwald,* at p. 500.) Accordingly, the California Supreme Court reversed the trial court's order dismissing the aggrieved party's appeal for failure to file a bond under section 1700.44, subdivision (a) and remanded the matter to the trial court for a de novo trial on appeal of the Commissioner's award. (*Buchwald,* at p. 503.) The court stated: "Notwithstanding the pendency of said [appeal] proceedings in the superior court, [the prevailing party] is entitled to enforce the award and determination of the Labor Commissioner since [the aggrieved party] failed to file the requisite stay bond." (*Ibid.*)

To the extent *Buchwald* concluded a prevailing party has a right to "enforce" a Commissioner's award if an aggrieved party does not file a bond to stay execution (e.g., appeal bond), that conclusion appears to support the recognition of an employee's (e.g., Parker's) right to "enforce" a Commissioner's order, decision or award if the appealing employer (e.g., Progressive) does not post the undertaking required by section 98.2, subdivision (b). However, unlike the actions taken by Parker in this case (i.e., immediate filing of a writ of execution and notice of levy under writ of execution against Progressive's property), under *Buchwald*'s interpretation of "enforcement" Parker *first* was required to file a motion in the trial court for an order confirming the Commissioner's order, decision or award and for entry of a judgment thereon and *then* (if the confirmation order is issued and the judgment is entered) Parker could have enforced that judgment of the trial court like any other judgment for money. (*Buchwald v. Katz, supra,* 8 Cal.3d at pp. 499–500, 503.) Therefore, to the extent an employee has the right to so "enforce" the Commissioner's order, decision or award on an employer's failure to post the undertaking required by section 98.2, subdivision (b), that enforcement right is an alternative remedy to dismissal of the employer's appeal for failure to post that required undertaking. The availability of alternative remedies may be a factor in determining whether a statutory requirement is directory or mandatory. (Cf. *Morris v. County of Marin, supra,* 18 Cal.3d at pp. 908–909, fn. 4.)

Although we must follow *Buchwald*'s holding, we are perplexed by its conclusion that a prevailing party can "enforce" a Commissioner's award by filing a motion to confirm the award while the aggrieved party's appeal of that award is pending. There appears to be an inconsistency in allowing an aggrieved party's appeal (requesting a de novo determination) of a Commissioner's award to proceed in the trial court without posting of a bond, while

at the same time allowing the prevailing party to "enforce" that appealed Commissioner's award by filing a motion in the same trial court for an order confirming the award and for a judgment thereon (which judgment, if entered, would then be subject to "true" enforcement). Such an "enforcement" (i.e., award confirmation) proceeding in the trial court could have the effect of depriving the aggrieved party of its statutory right to an appeal of the Commissioner's award and a true de novo determination by the trial court. We doubt a trial court should be charged with conducting a de novo trial on the aggrieved party's appeal of a Commissioner's award, while simultaneously considering a prevailing party's "enforcement" motion for an order confirming the same award subject to that de novo trial.

Furthermore, in the circumstances of a section 98.2 appeal, we believe pertinent statutory language impliedly rejects the possibility of a *Buchwald*-type "enforcement" of a Commissioner's order, decision or award in an unpaid wages case while an appeal of that award is pending. Section 98.1, subdivision (a) provides, inter alia, that the Commissioner must serve a copy of his or her order, decision or award on the parties, which "notice shall also advise the parties of their right to appeal the decision or award and further advise the parties that *failure to do so* [*i.e., appeal*] within the period prescribed by this chapter [i.e., within 10 days per section 98.2, subdivision (a)] *shall result in the decision or award becoming final and enforceable as a judgment by the superior court.*" (Italics added.) That statute supports an inference the Legislature intended a Commissioner's order, decision or award to become "enforceable" *only if* an aggrieved party (e.g., an employer) has not timely filed a notice of appeal of that award, thereby resulting in that award becoming "final and enforceable as a judgment by the superior court." (§ 98.1, subd. (a).) We construe section 98.1, subdivision (a) as supporting a conclusion that a Commissioner's order, decision or award is *not* "final and enforceable" if the aggrieved party has timely filed a notice of appeal of the award. Similarly, section 98.2, subdivision (e) provides that, if no notice of appeal is timely filed and the Commissioner's order, decision or award is deemed the final order (per § 98.2, subd. (d)), the Commissioner shall file a copy of that final order with the trial court and "[j]udgment shall be entered immediately . . . in conformity therewith." (§ 98.2, subd. (e).) Importantly, section 98.2, subdivision (e) then provides: "*The judgment so entered* has the same force and effect as, and is subject to all of the provisions of law relating to, a judgment in a civil action, and *may be enforced in the same manner as any other judgment of the court* in which it is entered. Enforcement of the judgment shall receive court priority." (Italics added.) As with section 98.1, subdivision (a), we construe section 98.2, subdivision (e) as supporting a conclusion that a Commissioner's order, decision or award is not enforceable unless and until it becomes a "final order" because a timely notice

of appeal has not been filed and that "final order" has been filed with the trial court, resulting in a "truly" enforceable judgment of the trial court. Therefore, to the extent *Buchwald*-type "enforcement" of a Commissioner's order, decision or award may, in general, be available during the pendency of an appeal of that award (e.g., under § 1700.44), based on our interpretation of sections 98.1, subdivision (a) and 98.2, subdivision (e), we doubt that a Commissioner's order, decision or award in an unpaid wages case is subject to *Buchwald*-type "enforcement" during the pendency of a section 98.2 appeal of that award.

In any event, in the circumstances of a section 98.2 appeal, we conclude there is nothing to preclude the trial court from promptly issuing, either sua sponte or on an employee's application or motion, an order requiring the appealing employer to post an undertaking in a certain amount by a certain date or be subject to sanctions, including dismissal of the employer's appeal.[6] That is what occurred in *Williams v. Freedomcard, Inc.* (2004) 123 Cal.App.4th 609 [20 Cal.Rptr.3d 220].) In *Williams*, after filing their notice of appeal, employers moved for relief from section 98.2, subdivision (b)'s undertaking requirement, arguing, inter alia, the trial court could waive that requirement pursuant to Code of Civil Procedure section 995.240. (*Williams*, at p. 613.) "The trial court ruled that [one of the employers] had not shown any evidence of indigence, which was necessary to qualify for dispensing with a bond, and that *he was required to post a bond within 10 days or the matter would be dismissed.*" (*Ibid.*, italics added.) After employers did not post the bond *required by the trial court's order*, the court dismissed their appeal. (*Ibid.*) *Williams* concluded "the trial court did not abuse its broad discretion in declining to grant relief from the statutory bond requirement." (*Id.* at p. 615.) Accordingly, it held "the trial court did not abuse its discretion in dismissing the [appeal] for failure to post the requisite bond . . . ." (*Ibid.*)

The existence of statutory exceptions to the section 98.2, subdivision (b) undertaking requirement, as recognized in *Williams*, weighs against a conclusion that the undertaking requirement is mandatory and jurisdictional, rather than directory. Code of Civil Procedure section 995.240 provides an indigency exception to section 98.2, subdivision (b)'s undertaking

---

[6] It appears a trial court would have inherent discretionary power to dismiss an employer's section 98.2 appeal for violation of a court order requiring the employer to post an undertaking by a certain date. (*Lyons v. Wickhorst* (1986) 42 Cal.3d 911, 915 [231 Cal.Rptr. 738, 727 P.2d 1019]; cf. *Pearlson v. Does 1 to 646* (1999) 76 Cal.App.4th 1005, 1010 [90 Cal.Rptr.2d 787]; Code Civ. Proc., §§ 583.150, 581, subd. (d), 2023.030, subd. (d)(3); Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2005) ¶ 11:280.8, p. 11-88 (rev. #1 2004) ["[T]he trial court has power to dismiss under its 'inherent authority.' "].)

requirement.[7] That statute provides: *"The court may, in its discretion, waive a provision for a bond* in an action or proceeding and make such orders as may be appropriate as if the bond were given, *if the court determines that the principal is unable to give the bond because the principal is indigent and is unable to obtain sufficient sureties,* whether personal or admitted surety insurers. In exercising its discretion the court shall take into consideration all factors it deems relevant, including but not limited to the character of the action or proceeding, the nature of the beneficiary, whether public or private, and the potential harm to the beneficiary if the provision for the bond is waived." (Code Civ. Proc., § 995.240, italics added.) If the Legislature had intended section 98.2, subdivision (b)'s undertaking requirement to be mandatory and jurisdictional, it presumably would have expressly precluded the potential application of any exceptions to that requirement, including the indigency exception under Code of Civil Procedure section 995.240.

■ We conclude the undertaking under section 98.2, subdivision (b) is directory and *not* mandatory or jurisdictional. There is no contrary intent clearly expressed in section 98.2, subdivision (b). That statute does not provide any consequence or penalty for an appealing employer's failure to post the undertaking. Section 98.2, subdivision (b)'s purpose would not be substantially furthered were its undertaking requirement deemed mandatory and jurisdictional, rather than only directory. Other means of enforcing that requirement and accomplishing its statutory purpose exist (e.g., a court order requiring the employer to post an undertaking by a certain date or be subject to possible dismissal of its appeal). Finally, at least one potential exception (i.e., Code of Civ. Proc., § 995.240) exists to section 98.2, subdivision (b)'s undertaking requirement, weighing against a conclusion its undertaking requirement is mandatory and jurisdictional.

Parker notes *Williams* contains language that appears to support a conclusion section 98.2, subdivision (b)'s undertaking requirement is mandatory and jurisdictional. However, we believe that language is overbroad and essentially dictum, considering its facts and the court's disposition of the case. *Williams* stated: *"[T]he right of an employer to seek de novo judicial review in the superior court of a Labor Commissioner's order, decision or award is conditioned on the necessary prerequisite that the employer post a bond or undertaking for the amount of the award.* Nonetheless, the employer may obtain a court order waiving the requirement of a bond or undertaking on the grounds of both indigency and inability to obtain the necessary bond.

---

[7] Code of Civil Procedure section 995.020, subdivision (a) provides: "The provisions of this chapter apply to a bond or undertaking executed, filed, posted, furnished, or otherwise given as security pursuant to any statute of this state, except to the extent the statute prescribes a different rule or is inconsistent." Because section 98.2, subdivision (b) does prescribe a different rule and is not inconsistent, we, like *Williams*, conclude Code of Civil Procedure section 995.240 may provide a basis for an exception to the undertaking required by section 98.2, subdivision (b).

[Citation.] . . . [¶] If adequate evidence supports relief from the requirement of posting a bond or undertaking, the trial court may then exercise its discretion by waiving the requirement of a security." (*Williams v. Freedomcard, Inc., supra*, 123 Cal.App.4th at p. 614, italics added.) *Williams*'s "blanket" statement that an employer's right to appeal a Commissioner's order "is conditioned on the necessary prerequisite" that it post the required undertaking is unsupported by any analysis or authority. Rather, it appears *Williams* may have based that statement solely on its initial reading of section 98.2, subdivision (b)'s language without considering whether the statute's use of the term "shall" should be interpreted as mandatory and jurisdictional or merely directory. Furthermore, in the circumstances of *Williams*, the trial court issued an order requiring the employers to post the required undertaking by a certain date and only dismissed the employers' appeal after they violated that order. (*Williams v. Freedomcard, Inc., supra*, 123 Cal.App.4th at p. 613.) Therefore, it appears *Williams*'s "blanket" statement, on which Parker relies, is dictum. In any event, we are not bound or persuaded by *Williams*'s conclusory statement that the undertaking required by section 98.2, subdivision (b) is a condition precedent, or a "necessary prerequisite," to an employer's appeal. Accordingly, we decline to adopt that aspect of *Williams*.

II

*Trial Court Did Not Err by Not Dismissing Progressive's Appeal*

The record on appeal does *not* show the trial court's September 15, 2004 order *required* Progressive to post an undertaking. Rather, that order was issued in response to Progressive's application to stay execution of the Commissioner's award and reduce the amount of section 98.2, subdivision (b)'s undertaking. The order stayed execution of the Commissioner's award, fixed the amount of the appeal bond at $122,339.38, and gave Progressive until September 22 to post the bond to continue the stay of execution. Accordingly, when Progressive did not post that appeal bond by September 22, it did *not* violate any court order *requiring* it to do so, but subjected itself to possible enforcement of the Commissioner's award. Absent a violation of a court order, there was no ground on which the trial court had discretion to dismiss Progressive's appeal because section 98.2, subdivision (b)'s undertaking requirement is not mandatory and jurisdictional, but rather merely directory. Therefore, without a court order directing Progressive to post the required undertaking, the trial court could not dismiss the appeal outright.[8] Furthermore, to the extent Parker filed a motion to

---

[8] As noted in part I, *ante*, there is nothing to preclude the trial court from first issuing an order, sua sponte or on an employee's motion, *requiring* an appealing employer to post the

dismiss Progressive's appeal, either before or during trial, the trial court had no ground on which to dismiss Progressive's appeal based on that motion because it had *not* violated any court order *requiring* it to post an undertaking as a condition to proceeding with the appeal by a certain date. It was incumbent on Parker to seek a court order requiring Progressive to post the undertaking by a certain date.[9] Accordingly, the trial court did not err by not dismissing Progressive's appeal in the circumstances of this case.

### III

### *Attorney Fees and Costs*

Progressive requests that we award it attorney fees and costs on its appeal to the superior court pursuant to section 98.2, subdivision (c). However, that statute does not apply in the circumstances of this case. Section 98.2, subdivision (c) provides: "If the party seeking review by filing an appeal to the superior court is unsuccessful in the appeal, the court shall determine the costs and reasonable attorney's fees incurred by the other parties to the appeal, and assess that amount as a cost upon the party filing the appeal. An employee is successful if the court awards an amount greater than zero." That statute would apply only had Progressive been unsuccessful in obtaining a more favorable award on its appeal of the Commissioner's order to the trial court. (*Smith v. Rae-Venter Law Group, supra,* 29 Cal.4th at pp. 370–373; *Sampson v. Parking Service 2000 Com., Inc.* (2004) 117 Cal.App.4th 212, 227–228 [11 Cal.Rptr.3d 595].) Because Progressive obtained a more favorable award, that statute does not provide any basis for an award of attorney fees and costs. Accordingly, we decline to award Progressive its attorney fees and costs on appeal.[10]

---

undertaking required by section 98.2, subdivision (b) by a certain date and then, if the employer does not comply with the court order, sanction the employer by dismissing its appeal.

[9] The record on appeal does not contain a motion to dismiss the appeal filed by Parker. Although, as noted above, the record shows that on September 29, 2004, Parker filed a notice of ex parte application for shortened notice on motion to dismiss appeal for Progressive's failure to timely file the required appeal bond, that application does not include either an attached or a separately filed motion to dismiss. Nevertheless, for purposes of this appeal, we assume arguendo Parker moved to dismiss Progressive's appeal. However, absent a court order requiring Progressive to post an appeal undertaking by a certain date, the trial court did not prejudicially err by not ruling on any pretrial motion to dismiss filed by Parker or by finding Parker had waived the right to make, or was estopped from making, that motion during trial.

[10] Because Parker did not prevail on the appeal, we decline to award him attorney fees and costs on appeal, whether under section 98.2, subdivision (c) or (j) or otherwise.

## DISPOSITION

The judgment is affirmed. The parties are to bear their own costs on appeal.

Nares, Acting P. J., and Haller, J., concurred.