Filed 9/15/14  RG Garcia Corp. v. Loftis CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| RG GARCIA CORPORATION,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>STEVEN W. LOFTIS,<br><br>    Defendant and Respondent. | 2d Civil No. B248784<br>(Super. Ct. No. 56-2012-00427138-<br>CU-JR-VTA)<br>(Ventura County) |
| RG GARCIA CORPORATION,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>CHRISTOPHER BITETTI,<br><br>    Defendant and Respondent. | 2d Civil No. B249067<br>(Super. Ct. No. 56-2012-00427136-<br>CU-JR-VTA) |

RG Garcia Corporation appeals the dismissals for failure to post an undertaking of its appeals from the Labor Commissioner's awards to Steven W. Loftis and Christopher Bitetti.[1]  RG Garcia contends that the trial court erred by failing to waive

---

[1] On our own motion, we consolidated the two appeals for purposes of decision only.

the undertaking requirement on account of the corporation's indigence and inability to obtain the necessary bond. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

RG Garcia had a contract with the U.S. Army Corps of Engineers to extract and remove rock from the Santa Paula Creek. It formed a second entity, Santa Paula Rock, Gravel & Sand LLC (SPRGS), to screen, clean, and sort the rock. RG Garcia and SPRGS employed Loftis and Bitetti to perform personal services as operators.

From January 15, 2010, through May 21, 2011, RG Garcia paid Loftis's and Bitetti's wages. From May 22 through July 2, SPRGS paid their wages. Beginning July 3, Loftis and Bitetti were not remunerated for their services. Bitetti quit without notice on July 29. Loftis's employment was terminated on August 5.

Loftis, Bitetti, and four other individuals filed claims with the Labor Commissioner alleging that RG Garcia and SPRGS owed them unpaid wages, penalties, and interest. RG Garcia argued that it was never the claimants' employer and that it merely acted as SPRGS's payroll service. The Commissioner concluded, however, that RG Garcia and SPRGS jointly employed the claimants through May 21, 2011, when RG Garcia severed its joint employer status. The Commissioner cited several factors supporting its conclusion, including the following: (1) RG Garcia was a partner in Solrick LLC, the majority owner of SPRGS; (2) RG Garcia hired some of the claimants and paid all of their wages during the relevant time frame; (3) RG Garcia offered no evidence that SPRGS had ever reimbursed it or paid it any fees for providing payroll services; (4) RG Garcia paid for SPRGS's equipment; and (5) RG Garcia and SPRGS both exercised control over the claimants' wages, hours, and working conditions until May 21, 2011.

The Commissioner awarded Loftis $40,588.53 from RG Garcia and SPRGS jointly and severally, consisting of $29,767.50 in unpaid overtime wages (Cal. Code Regs., tit. 8, § 11160), $7,200.00 in waiting time penalties (Lab. Code, § 203),[2] and

---

[2] All further statutory references are to the Labor Code unless otherwise stated.

2

$3,621.03 in interest (§ 98.1, subd. (c)), for the period ending May 21, 2011. Similarly, Bitetti received an award of $26,811.31, consisting of $19,605.00 in unpaid overtime wages, $4,800.00 in waiting time penalties, and $2,406.31 in interest.[3]

RG Garcia timely appealed the Commissioner's awards to the superior court for a trial de novo. It filed its notices of appeal on the fifteenth and final day of the statutory period. (See § 98.2, subd. (a) [setting forth 10-day period to appeal Commissioner's award]; Code Civ. Proc., § 1013 [extending party's time limit to appeal by five days when served by mail].) Loftis and Bitetti moved to dismiss the appeals from their respective awards on the ground that RG Garcia had failed to post the required undertaking. (See § 98.2, subd. (b).) In its oppositions to these motions, RG Garcia requested a waiver of the undertaking requirements. It relied on Code of Civil Procedure section 995.240, which provides a court with discretion to waive a bond requirement if "the principal is unable to give the bond because the principal is indigent and is unable to obtain sufficient sureties, whether personal or admitted surety insurers."

The superior court granted the motions to dismiss. First, as a matter of law, the court held that a corporation cannot be "indigent" within the meaning of Code of Civil Procedure section 995.240. (Citing *Williams v. FreedomCard, Inc.* (2004) 123 Cal.App.4th 609, 615.) Alternatively, the court made the factual finding that RG Garcia had not established its indigence because it failed to provide financial statements and other documentary evidence of its financial position and it failed to discuss the possibility of capital contributions from stockholders or disclose recent distributions to them. RG Garcia timely appealed both dismissals.

## DISCUSSION

RG Garcia contends that the superior court erred by failing to waive the undertaking requirement. Loftis and Bitetti argue that the court's waiver analysis was

---

[3] The Commissioner also awarded $12,583.89 to Loftis and $7,494.57 to Bitetti from SPRGS individually, based on unpaid wages, penalties and interest accruing after RG Garcia terminated its status as a joint employer.

3

correct. In addition, they maintain that RG Garcia's failure to post undertakings before the expiration of time to appeal the Commissioner's awards deprived the superior court of jurisdiction over the appeals. We agree that the superior court lacked jurisdiction to consider the merits of RG Garcia's waiver argument. Consequently, we need not decide whether a corporation may ever be eligible for a waiver of the undertaking or, if so, whether the superior court abused its discretion in finding that RG Garcia did not make an adequate showing in this case.[4] (Cf. *Yee v. Cheung* (2013) 220 Cal.App.4th 184, 192 ["'"A judgment of dismissal after a demurrer has been sustained without leave to amend will be affirmed if proper on any grounds stated in the demurrer, whether or not the court acted on that ground". . .'"].)

Section 98.2, subdivision (b) provides that "[a]s a condition to filing an appeal" from an award of the Labor Commissioner, "an employer shall first post an undertaking with the reviewing court in the amount of the order, decision, or award." In *Palagin v. Paniagua Construction, Inc.* (2013) 222 Cal.App.4th 124, 140 (*Palagin*), the court held that "the undertaking requirement of section 98.2(b) is mandatory and jurisdictional, and . . . the [superior] court has no authority to extend the deadline for posting the undertaking beyond the deadline for filing the notice of appeal."

In reaching its holding, *Palagin* first considered the plain meaning of section 98.2, subdivision (b), taking into account its context in the statutory scheme. The court observed that the 10- or 15-day deadline for filing the notice of appeal set forth in subdivision (a) is undisputedly jurisdictional (citing *Pressler v. Donald L. Bren Co.* (1982) 32 Cal.3d 831, 837–838) and that subdivision (b) requires that the employer post the undertaking "first"—i.e., before the jurisdictional notice-of-appeal requirement—as a "condition" to filing the notice of appeal. (*Palagin, supra,* 222 Cal.App.4th at p. 132.)

---

[4] Likewise, we express no opinion on what happens when a waiver request is made before the expiration of time to appeal but the superior court does not rule on it until afterwards. RG Garcia did not request a waiver until three months after the deadline for posting the undertakings.

*Palagin* then examined the legislative intent behind the statutory text.  Prior to 2010, the statute was much less specific as to when the undertaking was due.  It merely stated that "'"[w]henever an employer files an appeal pursuant to this section, the employer shall post an undertaking with the reviewing court in the amount of the order, decision, or award."'"  (*Palagin*, *supra*, 222 Cal.App.4th at p. 133.)  A case interpreting this prior version of the statute, *Progressive Concrete, Inc. v. Parker* (2006) 136 Cal.App.4th 540, 547–548, found the language to be directory rather than jurisdictional, in part because it failed to specify the consequences of not filing an undertaking.  *Progressive Concrete* contrasted the language in the prior version of section 98.2 with language in another statute requiring an undertaking—where the requirement *was* jurisdictional—that characterized the undertaking as "a condition precedent to filing an appeal."  (§ 2673.1, subd. (g).)  By amending section 98.2, subdivision (b) to include similar language in 2010, the Legislature sought to overturn *Progressive Concrete*, which, according to a senate committee analysis, "'is plainly inconsistent with the clear purpose behind enactment of Section 98.2(b).'"  (*Palagin*, *supra*, 222 Cal.App.4th at p. 135, italics omitted.)

Lastly, *Palagin* explained that a jurisdictional interpretation of the undertaking requirement was consistent with the public policy underlying the statute.  The purpose of section 98.2, subdivision (b) "is to 'discourage employers from filing frivolous appeals and from hiding assets in order to avoid enforcement of the judgment.'"  (*Palagin*, *supra*, 222 Cal.App.4th at p. 137.)  *Palagin* reasoned that treating the undertaking deadline as jurisdictional furthers these goals by discouraging employers from filing frivolous appeals merely for the purpose of delay and minimizing the time in which an employer might hide assets.  (*Ibid.*)

We agree with *Palagin* that the undertaking requirement in section 98.2, subdivision (b) is mandatory and jurisdictional.  Because RG Garcia failed to post the

5

required undertakings or request a waiver before the time to appeal expired, the superior court lacked jurisdiction over the appeals and properly dismissed the actions.

The judgments are affirmed.  Costs to respondents.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:



GILBERT, P. J.



YEGAN, J.


6

Rebecca S. Riley, Judge

Superior Court County of Ventura

_____

Law Offices of Peter C. Giffin, Peter C. Giffin, Rosa E. Shelton for Appellant.

Division of Labor Standards Enforcement, William A. Reich for Respondents.