Filed 1/18/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| ADANNA CAR WASH CORPORATION,<br><br>     Plaintiff and Appellant,<br><br>          v.<br><br>JESUS GOMEZ,<br><br>     Defendant and Respondent. | B313649<br><br>(Los Angeles County Super. Ct. No. 20LBCP00190) |

     APPEAL from an order of the Superior Court of Los Angeles County, Mark C. Kim, Judge.  Affirmed.

     Gulino Law Office and John J. Gulino for Plaintiff and Appellant.

     Telleria, Telleria & Levy and M. Anthony Jenkins for Defendant and Respondent.

_____

This appeal addresses the relationship between two statutory surety bonds required under different sections of the Labor Code.[1] Adanna Car Wash Corporation (Adanna) appeals from the superior court's dismissal of its trial de novo appeal from the Labor Commissioner's award of back wages and other damages in favor of Adanna's former employee, Jesus Gomez. The trial court dismissed the appeal for lack of jurisdiction because Adanna failed to post with the trial court an appeal bond required by section 98.2.

Adanna contends that it, in fact, had complied with section 98.2, pointing to a surety bond that it had posted earlier under a different Labor Code provision, section 2055. The section 2055 undertaking is required of all car wash owners as a condition of operating a car wash business. We agree with the trial court that the section 2055 bond was not the appeal bond required under section 98.2. Accordingly, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Following a hearing on Gomez's wage claim against Adanna, the Labor Commissioner awarded Gomez $23,915.59 for overtime earnings, meal period premium pay, rest period premium pay, liquidated damages, interest, and waiting time penalties. (The merits of the claim are not material to this appeal.) On August 13, 2020, the Labor Commissioner served its decision on Adanna.

Under section 98.2, subdivision (a), a party to a Labor Commissioner proceeding may seek review "of an order, decision, or award by filing an appeal to the superior court, where the appeal shall be heard de novo." Under subdivision (b) of the

---

[1] All subsequent statutory references are to the Labor Code unless indicated otherwise.

statute, if the employer is the appealing party, the employer must post a bond.

On August 18, 2020, Adanna filed with the superior court a document entitled "Department of Industrial Relations Notice of Appeal De Novo" and a "Notice of Posting Bond Re Department of Industrial Relations Notice of Appeal De Novo." The notice of posting bond stated: "NOTICE IS HEREBY GIVEN that, pursuant to California Labor Code, § 98.2(b), Appellant hereby posts an appeal bond in the amount of the Order, Decision, or Award from which Appellant appeals. The Original of the appeal bond is appended hereto as Exhibit 'A.'"

The first page of exhibit A was a "Hudson Continuation Certificate," which indicated the Hudson Insurance Company (Hudson) had issued Adanna Car Wash Corporation a California "Car Wash Bond" in favor of the Department of Industrial Relations. The corporate certificate stated its seal was affixed on May 8, 2020. Although the document had a line for the signature of Hudson's "Attorney-in-Fact," Julliet Adesuyan, the certificate attached to the notice was unsigned. The next two pages of exhibit A indicated that Hudson and ASI American Safety Casualty Insurance gave Julliet Adesuyan power of attorney up to $150,000.[2]

On February 16, 2021, Gomez moved to dismiss the appeal because Adanna "failed to deposit/post an undertaking, which is a jurisdictional prerequisite for [its] appeal under Labor Code section 98.2(b)." Gomez explained Adanna had attached a copy of

---

[2]     As we discuss shortly, the $150,000 reference is to the amount of a bond required under section 2055 (not section 98.2), a statute applicable only to car wash businesses.

3

its section 2055 car wash bond, not the required section 98.2 bond. We set out in the margin the two statutes, which, we observe, are in separate Divisions of the Labor Code.[3]

In his motion to dismiss and reply points and authorities, Gomez pointed out that the superior court did not have control over the section 2055 bond which is filed with the Labor Commissioner. Thus, the earlier bond could not necessarily (or at least not easily) secure payment to the employee following a

---

[3] Division 1 of the Labor Code creates, among other things, the Department of Industrial Relations and an administrative process for an employee to seek relief against an employer. (§ 79 et seq.) It is not unique to any particular type of business or employer. Under section 98.2, "[a]s a condition to filing an appeal pursuant to this section, an employer shall first post an undertaking with the reviewing court in the amount of the order, decision, or award. The undertaking shall consist of an appeal bond issued by a licensed surety or a cash deposit with the court in the amount of the order, decision, or award." (§ 98.2, subd. (b).) If the employee succeeds in the appeal and the employer fails to pay the judgment in 10 days of entry of judgment, settlement, or dismissal or withdrawal of appeal, the bond is forfeited to the employee. (*Ibid.*)

Section 2055 is part of Division 2 of the Labor Code and deals only with regulation and supervision of car washes. On its face, it has nothing to do with Labor Commissioner appeals. Section 2055, subdivision (b) conditions a car wash's registration and registration renewal on the car wash obtaining "a surety bond issued by a surety company admitted to do business in this state. The principal sum of the bond shall not be less than one hundred fifty thousand dollars ($150,000)." The bond is "in favor of, and payable to, the people of the State of California, and shall be for the benefit of any employee damaged by his or her employer's failure to pay wages, interest on wages, or fringe benefits. . . ." (*Id.*, subd. (b)(1).)

4

successful appeal.  Gomez argued the bond was a jurisdictional requirement and, without an appeal bond, the superior court lacked jurisdiction to hear Adanna's appeal from the Labor Commissioner's award.

In opposition, Adanna argued that the section 2055 bond satisfied the section 98.2 undertaking because the former was intended to benefit car wash employees and Gomez was a car wash employee.  Adanna also asserted Gomez's motion was untimely under Code of Civil Procedure section 995.920.

The superior court granted Gomez's motion and dismissed the appeal.  The court agreed that Adanna failed to file the required section 98.2 undertaking and concluded the court lacked jurisdiction to hear the appeal from the Labor Commissioner's decision.  Adanna appealed to this court.

### DISCUSSION

Adanna argues the superior court erred in dismissing its appeal because it satisfied section 98.2's undertaking requirement with its section 2055 car wash bond.[4]

### 1.    *Standard of Review and Applicable Law*

The basic framework of appeals of Labor Commissioner decisions to the superior court has been succinctly stated by our

---

[4]    There are no cases, published or unpublished, discussing the section 2055 undertaking requirement.  However, some secondary resources refer to the undertaking as a "car wash bond," and we adopt that nomenclature.  (See e.g. Rebekah Didlake, Ensuring Wages for California Restaurant Workers: Utilizing the Self-Help Prejudgment Wage Lien Tool (2022) 52 Golden Gate U. L. Rev. 187, 204; Labor and Employment Law – California (CCH 2018) ¶ 5-46503, § 13682, subd. (b)(2) [2017 WL 3889857].)

5

colleagues in the First District:  "When an employer does not pay wages as required by law, an employee may file either a civil action in court or a wage claim with the [Labor] Commissioner. (§§ 98-98.8.)"  (*Cardinal Care Management, LLC v. Afable* (2020) 47 Cal.App.5th 1011, 1018 (*Cardinal Care*).)  If the employee seeks administrative relief, a deputy commissioner holds an informal, expedited hearing on the employee's wage claims. (*Ibid.*)  "Within 10 days after service of notice of the [Labor] Commissioner's order, decision, or award, either party may appeal to the superior court, which considers the matter de novo." (*Ibid.*)

"An employer's right to appeal the [Labor] Commissioner's decision is further 'conditioned on the necessary prerequisite that the employer post . . . [an] undertaking for the amount of the award.' [Citation.]  'The undertaking shall consist of an appeal bond issued by a licensed surety or a cash deposit with the court in the amount of the order, decision, or award.'  (§ 98.2[, subd.] (b).)  'The purpose of this requirement is to discourage employers from filing frivolous appeals and from hiding assets in order to avoid enforcement of the judgment.' "  (*Burkes v. Robertson* (2018) 26 Cal.App.5th 334, 341–342, fn. omitted.)  The "undertaking requirement of section 98.2[, subdivision] (b) is mandatory and jurisdictional, and . . . the court has no authority to extend the deadline for posting the undertaking beyond the deadline for filing the notice of appeal."[5]  (*Palagin v. Paniagua Construction, Inc.* (2013) 222 Cal.App.4th 124, 140.)

---

[5]    As is the case with bonds in other settings, where an indigent employer is unable to post the security, the employer may ask the trial court to waive the undertaking.  (*Cardinal*

Whether Adanna satisfied the required undertaking and whether the superior court had jurisdiction are legal issues that we review de novo.  (*Deiro v. Los Angeles County Civil Service Com.* (2020) 56 Cal.App.5th 925, 929.)

**2.      *Adanna Failed to Post the Required Undertaking***

Without citation to any authority, Adanna asserts the documents it attached to the notice of the bond posting satisfied section 98.2, subdivision (b).  We disagree.

a.      *The Certificate on Its Face Was Not a Legally Enforceable Bond*

Preliminarily, we observe that although the "The Hudson Continuation Certificate" in exhibit A identified a bond number, the document itself was not executed.  The signature of Hudson's attorney in fact, Julliet Adesuyan, is nowhere to be found.  Execution by the surety is a prerequisite for a valid bond in an action or proceeding.  (See Code Civ. Proc., § 995.140, subd. (a)(1) & (2) [" 'Bond' includes both of the following:  [¶]  (1) A surety, indemnity, fiduciary, or like bond executed by both the principal and sureties.  [¶]  (2) A surety, indemnity, fiduciary, or like undertaking executed by the sureties alone."].)  The two pages that follow the continuation certificate purport to be powers of attorney, not a bond.

b.      *Adanna's Car Wash Bond Was Not the Required Section 98.2 Appeal Bond*

Even if the continuation certificate were an enforceable bond for some purposes, it is simply not the undertaking required by section 98.2.  We begin our analysis with the obvious:  there

---

*Care, supra,* 47 Cal.App.5th at p. 1019; see Code Civ. Proc., § 995.240.)  Adanna makes no argument along this line.

are two types of bonds in play here – a section 98.2 appeal bond and a section 2055 car wash bond.

Section 98.2, subdivision (b) states "the undertaking shall consist of *an appeal bond* issued by a licensed surety or a cash deposit with the court in the amount of the order, decision, or award." (§ 98.2, subd. (b), italics added.) The appeal bond is forfeited to the employee where the employer's appeal fails or is withdrawn, and the employer does not timely pay the award. (§ 98.2, subd. (b).)

In contrast, a $150,000 car wash bond is a prerequisite to operating a car wash in California. (§ 2055.) On its face, section 2055 makes clear a car wash bond has nothing to do with litigation or appellate proceedings. It is condition that must be satisfied before the car wash employer may obtain a license or permit: "An employer shall not conduct any business until the employer obtains a new surety bond and files a copy of it with the [Labor Commissioner]." (§ 2055, subd. (b)(3).)

Here, "The Hudson Continuation Certificate" expressly states the undertaking is a "CA Car Wash Bond" that benefits the Department of Industrial Relations. Adanna admits in its appellate briefing that the bond was issued pursuant to section 2055.

Adanna's sleight-of-hand attempt to substitute a car wash bond for an appeal bond runs afoul of a rule that applies to bonds in general. Code of Civil Procedure section 995.140, subdivision (b) expressly distinguishes between a licensing bond and one furnished in connection with litigation. It provides: "A bond provided for or given 'in an action or proceeding' does not include a bond provided for, or given as, a condition of a license or permit." (§ 995.140, subd. (b); see *Walt Rankin & Associates, Inc.*

8

*v. City of Murrieta* (2000) 84 Cal.App.4th 605, 618 [bond for public works contract is not a bond on "an action or proceeding"].)

The distinct purposes of the two bonds explain, at least in part, why they are found in two different Divisions of the Labor Code: the appeal bond (§ 98.2) in Division 1 and the car wash bond (§ 2055) in Division 2.

      c.      *Allowing an Employer to Rely on a Car Wash Bond in Lieu of an Appeal Bond Would Disadvantage Employees like Gomez*

Ignoring the internal differences in the statutory language of sections 98.2 and 2055, and their placement in the Labor Code, Adanna argues the car wash bond's "purpose and its effect is identical to that of the 'appeal bond' identified in [section] 98.2." Adanna continues that posting a car wash bond in lieu of an appeal bond, or at least appending the car wash bond to its notice of appeal, "places no additional burden on the employee but provides the employee with an ally in the form of the Labor Commissioner. That is, the Labor Commissioner undertakes to enforce the bond obligations in a circumstance where the employer fails to pay timely a judgment affirming the Labor Commissioner Award or a finding in favor of the employee."

That is not so. The car wash bond is "in favor of, and payable to, the people of the State of California, and shall be for the benefit of any employee damaged by his or her employer's failure to pay wages, interest on wages, or fringe benefits. . . ." (§ 2055, subd. (b)(1).) Although the employee is the indirect beneficiary of the car wash bond, the bond itself is payable to the Department of Industrial Relations—not Gomez. (See generally Code Civ. Proc., § 995.130, subd. (a) [" 'Beneficiary' means the person for whose benefit a bond is given, whether executed to, in

9

favor of, in the name of, or payable to the person as an obligee."].)
Because the employee is not the direct beneficiary of the bond, to
recover damages from the section 2055 car wash bond, the
employee must "proceed against the employer's surety bond by
taking whatever action he or she deems appropriate to obtain the
unpaid wages, interest on wages, fringe benefits, or gratuities
from the bond." (Cal. Code Regs., tit. 8, § 13693(a).)

In contrast, the section 98.2 appeal bond is a streamlined
method for the enforcement of any Labor Commissioner award in
favor of the employee. It guarantees immediate forfeiture of the
bond to the respondent employee when "the employer fails to pay
the amount owed within 10 days of entry of the judgment,
dismissal, or withdrawal of the appeal, or the execution of a
settlement agreement." (§ 98.2, subd. (b).)[6]

     d.    *The Legislature Amended Section 98.2 in 2000*
             *Because of Its Concern that Employees Were Often*
             *Having Difficulty Enforcing Labor Commissioner*
             *Awards Following an Appeal*

The Legislative history also supports our analysis that the
posting of a section 98.2 bond is essential to protect employees in
Labor Commissioner appeals filed by employers. Prior to 2000,
section 98.2 did not require employers seeking appellate review of

---

[6] Adanna does not address the hypothetical situation in
which the Labor Commissioner's award to the employee exceeds
the $150,000 limit of the car wash bond. Adanna's position on
appeal would suggest that the employer could post the car wash
bond plus an additional appeal bond to make up the difference.
There is nothing in the statutory scheme that supports such an
odd procedure.

10

Labor Commissioner awards to post a bond.[7]  In that year, the Legislature amended section 98.2 to include the appeal bond requirement to ensure that workers are paid if they prevail at the de novo appeal in cases where employers "disappear or declare bankruptcy" during the appeal.  (Assembly member Steinberg, on Labor and Employment Com., letter to Gov. Davis, Sept. 8, 2000

---

[7]    Prior to the 2000 amendment, section 98.2, subdivisions (a) and (b) read:

"(a) Within 10 days after service of notice of an order, decision, or award the parties may seek review by filing an appeal to the municipal or superior court, in accordance with the appropriate rules of jurisdiction, where the appeal shall be heard de novo. A copy of the appeal request shall be served upon the Labor Commissioner by the appellant.  For purposes of computing the 10-day period after service, Section 1013 of the Code of Civil Procedure shall be applicable.
"(b) If the party seeking review by filing an appeal to the municipal or superior court is unsuccessful in the appeal, the court shall determine the costs and reasonable attorneys' fees incurred by the other parties to the appeal, and assess that amount as a cost upon the party filing the appeal."

The only other part of the pre-2000 version of section 98.2 that referred to a bond was subdivision (h):  "The Labor Commissioner shall make every reasonable effort to ensure that judgments are satisfied, including taking all appropriate legal action and requiring the employer to deposit a bond as provided in Section 240."  This provision is found in subdivision (j) in the current statute.  Section 240 allows the Labor Commissioner to require a bond where an appeal has not been taken.

11

regarding Assem. Bill No. 2905 (1999-2000 Reg. Sess.) pp. 1-2.) As later legislative analysis explains, when the appeal bond was being considered there was evidence that "unscrupulous employers, particularly those in the underground economy, were filing 'frivolous' appeals of [Labor Commissioner] decisions with the superior court in an effort to drag out litigation and hide assets so that workers would not be able to collect on judgments, even if ultimately successful on appeal." (Sen. Com. on Labor and Industrial Relations, Analysis of Assem. Bill No. AB 2772 (2009–2010 Reg. Sess.) as amended Apr. 8, 2010, p. 1.) Via the bond requirement, the Legislature sought to eliminate frivolous appeals and protect the employee who was successful in proceedings before the Labor Commissioner.

The Court of Appeal's 2006 decision in *Progressive Concrete, Inc. v. Parker* (2006) 136 Cal.App.4th 540 (*Progressive Concrete*) instigated further amendment to section 98.2, subdivision (b). The *Progressive Concrete* court concluded that the appeal bond was directory, not mandatory or jurisdictional. (*Id.* at p. 552.) After *Progressive Concrete*, the Legislature found that some employers continued to disregard the bond requirement and trial courts could not dismiss on that basis. Instead, courts had to first issue an order directing the employer to post the bond before dismissing the appeal. This meant "that an employee must generally retain counsel to file a motion for such an order. If the employer disobeys the court order by failing to post the bond, then the court may dismiss the appeal." (Sen. Com. on Labor and Industrial Relations, Analysis of Assem. Bill No. 2772, *supra*, at p. 2.) Employers who failed to post bonds either (1) delayed proceedings to shift assets and judgment proof themselves, or (2) hoped that "workers would be unable to secure

12

counsel to handle the trial de novo and would walk away from a legitimate claim for wages (which they had won at the Labor Commissioner level)." (Assemblymember Swanson, Labor and Employment letter to Gov. Schwarzenegger, July 8, 2010, Assem. Bill No. 2772 (2009-2010 Reg. Sess.) p. 1.)

In 2010, Assembly Bill No. 2772 made explicit that the appeal bond was a condition of filing and the failure to post an appeal bond a basis for dismissal. (Sen. Com. on Labor and Industrial Relations, Analysis Assem. Bill No. 2772, *supra*, at p. 4.) Assembly Bill No. 2772 evidenced the Legislature's intention to prevent employers from gaming the system and to make it easier for employees to actually receive their compensation following a successful Labor Commissioner award or trial de novo judgment. (See *Sonic-Calabasas A, Inc. v. Moreno* (2013) 57 Cal.4th 1109, 1129 ["The purpose of this requirement is to discourage employers from filing frivolous appeals and from hiding assets in order to avoid enforcement of the judgment. (Sen. Com. on Labor and Industrial Relations, Analysis of Assem. Bill No. 2772[, *supra*,] p. 4.)"].)

We hold that a section 2055 car wash bond is not an appeal bond under section 98.2 subdivision (b). Because exhibit A to Adanna's notice was not an appeal bond, Adanna failed to file the requisite undertaking per section 98.2, subdivision (b). The superior court lacked jurisdiction over the Adanna's de novo appeal, and respondent's motion to dismiss was properly granted.[8]

---

[8] Adanna also argues that Gomez's motion was untimely because it was filed more than 10 days after service of Adanna's notice. Code of Civil Procedure section 995.930, subdivision (c) allows a court to permit late filing of a motion challenging a bond

### *DISPOSITION*

The order is affirmed.  Defendant and respondent Jesus Gomez is awarded costs on appeal.


RUBIN, P. J.

I CONCUR:



MOOR, J.

---

"upon a showing of good cause for failure to make the objection within the time required by statute or of changed circumstances." By its order dismissing the appeal, the superior court impliedly found there was good cause for not filing the motion within the statutory period.  Adanna does not claim that the court abused its discretion in doing so.  (See *Laraway v. Sutro & Co.* (2002) 96 Cal.App.4th 266, 273 ["Determinations of good cause are generally matters within the trial court's discretion, and are reversed only for an abuse of that discretion."].)

Adanna Car Wash Corporation v. Jesus Gomez
B313649


BAKER, J., Concurring


      Although I do not subscribe to all the particulars of the majority's published opinion—which in several respects goes beyond what was presented to us in the briefs filed by the parties, I agree the result reached by the trial court should be affirmed.


BAKER, J.