[No. B162880. Second Dist., Div. Two. May 3, 2004.]

CALDWELL WILLIAMS, Plaintiff and Respondent, v.
FREEDOMCARD, INC., et al., Defendants and Appellants.

## COUNSEL

Jenkens & Gilchrist and Steven J. Prough for Defendants and Appellants.

Edna Garcia Earley for Plaintiff and Respondent.

## OPINION

**BOREN, P. J.**—Wesley Buford and FreedomCard, Inc., of which Buford is a director and corporate officer, complain that the State's Division of Labor Standards Enforcement erred in holding Buford personally liable (via joint and several liability) for unpaid wages owed to Caldwell Williams. However, in attempting to appeal de novo to the superior court from an administrative order, Buford and FreedomCard failed to post a bond, as required by Labor Code section 98.2, subdivision (b).[1] Moreover, Buford did not claim and FreedomCard could not claim indigency, and neither showed an unsuccessful attempt to obtain a bond, as required by Code of Civil Procedure section 995.240 to obtain relief from the bond requirement.

Accordingly, since no bond was posted and the statutory requirements for relief from posting a bond were not satisfied, the trial court did not abuse its discretion in dismissing appellants' appeal de novo from the order of the Labor Commissioner awarding Williams $81,000 in earned but unpaid wages (plus penalties and interest).

### FACTUAL AND PROCEDURAL SUMMARY

In November of 2001, Williams filed a claim for unpaid wages, interest, and statutory penalties with the State Labor Commissioner. After a formal administrative hearing (§ 98, subd. (a)), the Labor Commissioner in June of 2002 issued an order awarding Williams three years of earned but unpaid wages totaling $81,000, plus over $6,000 in interest and over $4,000 in penalties. The award reflected that the company which had employed Williams, FreedomCard, and the company's director and corporate officer, Buford, were "jointly and severally liable."

FreedomCard and Buford appealed the award by filing a notice of appeal with the superior court, where the matter would be heard de novo, pursuant to

---

[1] Unless otherwise indicated, all statutory references are to the Labor Code.

section 98.2, subdivision (a). However, neither FreedomCard nor Buford posted a bond or undertaking with the superior court, as required by section 98.2, subdivision (b). Williams then exercised his right to representation by the Labor Commissioner's legal staff (§ 98.4) at the de novo hearing.

Soon after filing the notice of appeal, FreedomCard and Buford moved for relief from the requirement of posting a bond. They urged in their motion that a trial court may waive the requirement of posting a bond (Code Civ. Proc., § 995.240), that including Buford as a defendant was not warranted, that the Labor Commissioner erred in interpreting the definition of employer to include corporate officers, and that the defendants were likely to prevail on the merits.

Williams opposed the motion on the grounds FreedomCard and Buford did not meet the requirements of Code of Civil Procedure section 995.240. Specifically, FreedomCard, a corporation, could not claim indigence, and Buford, an individual, had not asserted indigence or set forth any evidence showing he was indigent, as mandated by the statute permitting relief from the requirement of posting a bond. Williams further opposed the motion on the ground that to the extent the arguments of FreedomCard and Buford went to the merits of the underlying case, the arguments could not properly be considered by the court in exercising its discretion to waive the requirement of a bond.

At the hearing on the motion for relief from the requirement of posting a bond, Williams urged that posting a bond was a condition precedent to maintaining the action in superior court. The trial court ruled that Buford had not shown any evidence of indigence, which was necessary to qualify for dispensing with a bond, and that he was required to post a bond within 10 days or the matter would be dismissed. The court observed that only one bond needed to be posted, and that the bond should also cover both defendants. The trial court subsequently dismissed the appeal filed by FreedomCard and Buford for failure to post the required bond.

## DISCUSSION

■ Section 98.2, subdivision (b) mandates that an employer who files an appeal de novo "shall post an undertaking with the reviewing court in the amount of the order, decision, or award. The undertaking shall consist of an appeal bond issued by a licensed surety or a cash deposit with the court in the amount of the order, decision, or award." The purpose of such a bond is to ensure that "if any judgment is entered in favor of the employee, the

employer shall pay the amount owed . . . ." (*Ibid.*) The only exception to the requirement of posting a bond is in the general provisions applying to all bonds and undertakings. (Code Civ. Proc., § 995.010 et seq.)

■ Specifically, the court may in its "discretion" elect to "waive a provision for a bond in an action or proceeding and make such orders as may be appropriate as if the bond were given, if the court determines that the principal is unable to give the bond because the principal is indigent and is unable to obtain sufficient sureties . . . . In exercising its discretion the court shall take into consideration all factors it deems relevant, including but not limited to the character of the action or proceeding, the nature of the beneficiary, whether public or private, and the potential harm to the beneficiary if the provision for the bond is waived." (Code Civ. Proc., § 995.240.) This statutory provision codifies the common law authority of the courts to exempt the indigent from the requirement of a bond. (See *Conover v. Hall* (1974) 11 Cal.3d 842, 851 [114 Cal.Rptr. 642, 523 P.2d 682].)

■ Therefore, the right of an employer to seek de novo judicial review in the superior court of a Labor Commissioner's order, decision or award is conditioned on the necessary prerequisite that the employer post a bond or undertaking for the amount of the award. Nonetheless, the employer may obtain a court order waiving the requirement of a bond or undertaking on the grounds of both indigency and inability to obtain the necessary bond. (See *Roberts v. Superior Court* (1968) 264 Cal.App.2d 235, 236–237, 241 [70 Cal.Rptr. 226] [relief from appeal bond granted where applicant presented declaration of indigency and affidavits from two bonding companies who would not give the required bond].) The party seeking relief from the requirement of posting a bond or undertaking has the burden of proof to show entitlement to such relief. (See *Ferguson v. Keays* (1971) 4 Cal.3d 649, 658–659 [94 Cal.Rptr. 398, 484 P.2d 70].)

■ If adequate evidence supports relief from the requirement of posting a bond or undertaking, the trial court may then exercise its discretion by waiving the requirement of a security. It "does not mean, however, that the trial court abus[es] its discretion by declining to do so. An exercise of discretion will be disturbed on appeal only if the court exercised it in an arbitrary, capricious, or patently absurd manner resulting in a manifest miscarriage of justice." (*Baltayan v. Estate of Getemyan* (2001) 90 Cal.App.4th 1427, 1434 [110 Cal.Rptr.2d 72].) A "weak and incomplete showing of indigency," for example, is sufficient to support a conclusion that "the trial court did not act arbitrarily, capriciously, or absurdly in denying [a] motion for relief from the undertaking." (*Id.* at p. 1435.)

█ In the present case, Buford made absolutely no claim at all that he was indigent and made no showing of any unsuccessful attempt to obtain a bond or undertaking. Regarding FreedomCard, a corporate entity, it is well settled that a corporation is not a "person" for the purposes of establishing indigency, at least in the analogous context of obtaining in forma pauperis status to dispense with federal requirements as to filing fees, costs and security. (*Rowland v. California Men's Colony, Unit II Men's Advisory Council* (1993) 506 U.S. 194, 203–206 [121 L.Ed.2d 656, 113 S.Ct. 716].) Even assuming, however, that a corporate entity is capable of claiming indigency under Code of Civil Procedure section 995.240,[2] FreedomCard has failed to meet its burden of proof because it never satisfied the other prong of the statutory requirement. Specifically, it never showed even any attempt to contact a bonding or surety company. █ Absent a showing of an unsuccessful effort to obtain a bond or surety, FreedomCard, like Buford, has failed to meet the preliminary prerequisite for relief under Code of Civil Procedure section 995.240. (See *Venice Canals Resident Home Owners Assn. v. Superior Court* (1977) 72 Cal.App.3d 675, 683–684 [140 Cal.Rptr. 361].)

█ Accordingly, the trial court did not abuse its broad discretion in declining to grant relief from the statutory bond requirement. Nor did it err in failing to consider other arguably relevant factors (e.g., the underlying merits of the claim by FreedomCard and Buford), since statutory reference to all other factors deemed "relevant" (Code Civ. Proc., § 995.240) is not a substitute for the two necessary statutory requirements. Rather, the trial court is merely permitted to consider other relevant factors in addition to the necessary prerequisites of "indigent" status and the inability "to obtain sufficient sureties." (*Ibid.*)

And since the trial court did not abuse its discretion in dismissing the action for failure to post the requisite bond, it is unnecessary to address the merits of the underlying claim by FreedomCard and Buford that Buford was not an employer and should not have been held jointly and severally liable on the award. Indeed, if we addressed the merits of the above claim, it would be tantamount to relieving FreedomCard and Buford of the requirement of posting a bond. Because the requirements for filing an appeal of the Labor Commissioner's order, decision or award were not met, the trial court properly did not consider the merits of the case, and neither may we.

---

[2] We note that FreedomCard and Buford acknowledge that the corporation, which has 46 shareholders, has not declared bankruptcy. Without citation to the record below, they assert that at the time of their motion for relief from the requirement of posting a bond, FreedomCard had assets of only $1,000.

## DISPOSITION

The order dismissing the action is affirmed.

Doi Todd, J., and Ashmann-Gerst, J., concurred.