Filed 8/20/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| LARRY BURKES,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DAMON ROBERTSON,<br><br>        Defendant and Appellant. | A150249<br><br>(Solano County<br>Super. Ct. No. FCS047326) |

The Labor Commissioner (Commissioner) issued an award in favor of Larry Burkes, an employee of Damon Robertson (doing business as All Ways Delivery) for unpaid overtime wages, penalties, and interest. Robertson filed a timely pro se notice of appeal in the Solano County Superior Court, but he failed to post a statutorily required undertaking (an appeal bond or cash deposit in the amount of the award) within the time provided. (Lab. Code, § 98.2, subd. (b); hereafter section 98.2(b).)[1] He subsequently requested a waiver of the undertaking requirement, alleging indigency. The trial court found Robertson's failure to request a waiver prior to the deadline for filing a section 98.2 notice of appeal deprived it of jurisdiction to consider the request. Accordingly, the trial court dismissed the appeal. We agree and affirm.

---

[1] Undesignated statutory references are to the Labor Code. As discussed *post*, a section 98.2 "notice of appeal is the statutory prerequisite for obtaining a trial de novo in superior court; although an 'appeal' and 'trial de novo' are distinct concepts, in this context the terms are often used interchangeably . . . ." (*Palagin v. Paniagua Construction, Inc.* (2013) 222 Cal.App.4th 124, 127 (*Palagin*).)

1

# I. BACKGROUND AND PROCEDURAL HISTORY

Burkes filed a claim against Robertson with the Commissioner's office alleging he was owed money for straight-time wages, overtime wages, waiting time penalties, and liquidated damages.[2]  On June 21, 2016, the Commissioner issued an "Order, Decision, or Award" (Award) in favor of Burkes for unpaid overtime wages, waiting time penalties, liquidated damages, and interest in the total amount of $81,565.34.  The Award was served on Robertson by mail on June 22, 2016.  Robertson filed a pro se notice appeal in the Solano County Superior Court on July 6, 2016, paying the standard filing fee,[3] but he failed to post an undertaking.  The trial court issued an order to show cause as to why Robertson's appeal should not be dismissed for failure to post the undertaking.

At an August 1, 2016 hearing on the order to show cause, Robertson and his office manager appeared.  They advised the court that Robertson had not posted an undertaking because he was financially unable to do so.  The court continued the hearing to allow Robertson to consult with an attorney and to make a written request for a waiver of the undertaking requirement.

Robertson appeared by counsel at the continued hearing on August 29, 2016.  Counsel filed a written request for waiver of the undertaking, pursuant to Code of Civil Procedure section 995.240, and a response to the order to show cause.  Filed concurrently with the written waiver request was Robertson's declaration that he did not have the

---

[2] If an employer does not pay wages in the amount, time, or manner required by contract or statute, an employee may file an unpaid wage claim with the Commissioner pursuant to section 98 et seq. and obtain an administrative hearing (known as a Berman hearing).  (*Smith v. Rae–Venter Law Group* (2002) 29 Cal.4th 345, 350, superseded by statute in other respects.)  " 'The Berman hearing procedure is designed to provide a speedy, informal, and affordable method of resolving wage claims.' " (*Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1115.)

[3] Within 10 days after a party is served with notice of the Commissioner's order, decision, or award, that party "may seek review by filing an appeal to the superior court, where the appeal shall be heard de novo." (§ 98.2, subd. (a).)  Section 98.2 provides, that "[f]or purposes of computing the 10-day period after service, [s]ection 1013 of the Code of Civil Procedure shall be applicable," which provides an additional five days for service by mail.

financial ability to pay the undertaking and was told by a surety company he lacked sufficient liquid collateral to qualify for an appeal bond.

At the continued hearing, the trial court noted Robertson appeared eligible for a waiver, but questioned whether, under *Palagin, supra,* 222 Cal.App.4th 124, it had jurisdiction to grant the waiver because it was not requested prior to filing deadline for the section 98.2 appeal. Robertson argued *Palagin* did not require an undertaking waiver to be sought within the 15-day outer limit for a section 98.2 notice of appeal. He also argued it would be unreasonable to require an indigent employer to seek a court order for a waiver within such a limited period of time.

On October 14, 2016, the court dismissed the appeal. The court found the section 98.2(b) undertaking requirement is mandatory and jurisdictional. The court held it did not have jurisdiction to consider Robertson's request for waiver because he had not made the request prior to the filing deadline for appeal of the Award. Robertson filed a timely notice of appeal of the trial court's order.[4]

## II.    DISCUSSION

A.    *Time Limit for Appeal of Commissioner's Decision*

Sections 98 and 98.1, subdivision (a), confer initial jurisdiction upon the Commissioner to investigate, hear, and determine wage disputes. Within 15 days after the administrative hearing, the Commissioner must file his or her decision and serve a copy on the parties. (§ 98.1, subd. (a).) Within 10 days of service (or 15 days if service is by mail), a party may seek review of the Commissioner's decision by filing an appeal in the superior court. (§ 98.2, subd. (a).) " '[T]imely filing of a notice of appeal forestalls the [C]ommissioner's decision, terminates his or her jurisdiction, and vests jurisdiction in the superior court to conduct a hearing de novo . . . .'" (*Murphy v. Kenneth*

---

[4] Neither Burkes nor the Commissioner initially filed any opposition to Robertson's opening brief on appeal. Because of the issue's potential significance, we requested amicus briefing from the Commissioner. In response, we were advised that, pursuant to section 98.4, the Commissioner had assumed representation of Burkes in this matter. We granted the Commissioner's request to submit a late-filed respondent's brief.

3

*Cole Productions, Inc., supra,* 40 Cal.4th at p. 1116 [§ 98.2 proceeding is not a conventional appeal or a review of the Commissioner's decision—it is a de novo trial of the wage dispute]; § 98.2, subd. (a).)  The time for filing a notice of appeal from the Commissioner's decision is "mandatory and jurisdictional," and a late filing may not be excused on the grounds of mistake, inadvertence, or excusable neglect.  (*Pressler v. Donald L. Bren Co.* (1982) 32 Cal.3d 831, 837; § 98.1, subd. (a) [failure to file notice within prescribed period "*shall result in the decision or award becoming final*" (italics added)].)  Strict adherence to the statutory time limits serves a long-standing public policy favoring the " 'full and prompt payment of wages due' " in recognition of the average worker's economic dependence on his or her wages.  (*Pressler*, at p. 837.)

B.      *Section 98.2(b) Undertaking Requirement*

An employer's right to appeal the Commissioner's decision is further "conditioned on the necessary prerequisite that the employer post . . . [an] undertaking for the amount of the award."[5]  (*Williams v. FreedomCard, Inc.* (2004) 123 Cal.App.4th 609, 614.)  "The undertaking shall consist of an appeal bond issued by a licensed surety or a cash deposit with the court in the amount of the order, decision, or award."  (§ 98.2(b).)  "The purpose

---

[5] Section 98.2(b) provides:  "As a condition to filing an appeal pursuant to this section, an employer shall first post an undertaking with the reviewing court in the amount of the order, decision, or award.  The undertaking shall consist of an appeal bond issued by a licensed surety or a cash deposit with the court in the amount of the order, decision, or award.  The employer shall provide written notification to the other parties and [Commissioner] of the posting of the undertaking.  The undertaking shall be on the condition that, if any judgment is entered in favor of the employee, the employer shall pay the amount owed pursuant to the judgment, and if the appeal is withdrawn or dismissed without entry of judgment, the employer shall pay the amount owed pursuant to the order, decision, or award of the [Commissioner] unless the parties have executed a settlement agreement for payment of some other amount, in which case the employer shall pay the amount that the employer is obligated to pay under the terms of the settlement agreement.  If the employer fails to pay the amount owed within 10 days of entry of the judgment, dismissal, or withdrawal of the appeal, or the execution of a settlement agreement, a portion of the undertaking equal to the amount owed, or the entire undertaking if the amount owed exceeds the undertaking, is forfeited to the employee."

of this requirement is to discourage employers from filing frivolous appeals and from hiding assets in order to avoid enforcement of the judgment." (*Sonic-Calabasas A, Inc. v. Moreno* (2013) 57 Cal.4th 1109, 1129.)

Prior to a 2010 legislative amendment to section 98.2(b) (see Stats. 2010, ch. 102, § 1), the Fourth District Court of Appeal held the undertaking requirement was directory and not jurisdictional. (*Progressive Concrete v. Parker* (2006) 136 Cal.App.4th 540, 547–548 (*Progressive Concrete*).) The *Progressive Concrete* court contrasted the language of section 2673.1, subdivision (g), which deals with claims for unpaid wages in the garment manufacturing industry and adopts the same appeal procedures as section 98.2. Section 2673.1 used different language regarding an appeal bond requirement, providing in relevant part that "[*a*]*s a condition precedent to filing an appeal*, the contractor or the guarantor, whichever appeals, shall post a bond with the Commissioner in an amount equal to one and one-half times the amount of the award." (§ 2673.1, subd. (g), italics added.) The court concluded the Legislature, by using different language in the then-applicable version of section 98.2 (the employer "*shall* post an undertaking with the reviewing court" (italics added)), did not intend section 98.2(b) to be mandatory and jurisdictional, and—had there been such legislative intent or purpose—"the Legislature presumably would have expressly provided for dismissal of the section 98.2 appeal . . . ." (*Progressive Concrete*, at p. 548.)

In *Palagin, supra,* 222 Cal.App.4th 124, we were required to interpret the effect of the 2010 legislative amendment to section 98.2(b), which was enacted, at least in part, in response to the *Progressive Concrete* decision. (Stats. 2010, ch. 102, § 1; see 3 Witkin, Summary of Cal. Law (11th ed. 2017) Agency and Employment, § 339, p. 439 ["[t]he 2010 Legislature abrogated the *Progressive Concrete* holding"].) The first sentence of section 98.2(b) was amended to read: "*As a condition to filing* an appeal pursuant to this section, an employer shall *first* post an undertaking with the reviewing court in the amount of the order, decision, or award." (Italics added.)

The wage claimant in *Palagin* sought to dismiss the appeal of a Commissioner's award for the employer's failure to post an undertaking by the statutory deadline.

5

(*Palagin, supra,* 222 Cal.App.4th at p. 126.)  Relying on *Progressive Concrete*, the trial court declined to dismiss the appeal and allowed the employer additional time to post an appeal bond.  (*Palagin*, at p. 127–128.)  We noted the 2010 amendment to section 98.2(b) specifically made the undertaking a *condition* to filing an appeal and required an employer to post that undertaking *first* with the reviewing court.  (*Palagin*, at p. 134.)  Just as section 2673.1 and *Progressive Concrete* referred to a "condition precedent," we noted the Legislature used the equivalent words "condition" and "first" in amending the statute.  We found "[t]he clear implication is that the Legislature intended, by using language nearly identical to that embraced by *Progressive Concrete,* to make the undertaking requirement 'mandatory and jurisdictional.' "  (*Palagin*, at p. 134.)

We found the statutory context, statutory purpose, and legislative history made it "crystal clear that the 2010 amendment of section 98.2(b) was to cure the perceived evils wrought by *Progressive Concrete,* and to accomplish the following purposes:  (1) to emphasize that the undertaking was mandatory and that it would have to be filed 'first,' as a condition to filing the appeal; (2) to minimize the need for an employee to file a motion to dismiss; (3) to avoid delays in the dismissal of frivolous appeals for which no bond has been posted; and (4) to make sure employers would not have time to 'hide or transfer assets, resulting in uncollectible judgments.' "  (*Palagin, supra,* 222 Cal.App.4th at p. 136; see Sen. Com. on Labor and Industrial Relations, Analysis of Assem. Bill No. 2772 (2009–2010 Reg. Sess.) as amended Apr. 8, 2010, p. 4.)  Therefore, "the undertaking requirement of section 98.2(b) is mandatory and jurisdictional, and that the court has no authority to extend the deadline for posting the undertaking beyond the deadline for filing the notice of appeal."  (*Palagin*, at p. 140.)

C.     *Waiver of the Section 98.2(b) Undertaking Requirement*

As an initial matter, it is undisputed that a party appealing a decision of the Commissioner is entitled as a matter of due process to seek relief from the section 98.2(b) undertaking requirement.  "The right of an indigent civil litigant to proceed in forma pauperis is grounded in a common law right of access to the courts and constitutional principles of due process.  [Citations.]  '[R]estricting an indigent's access to the courts

6

because of his poverty . . . contravenes the fundamental notions of equality and fairness which since the earliest days of the common law have found expression in the right to proceed in forma pauperis.' " (*Cruz v. Superior Court* (2004) 120 Cal.App.4th 175, 185; *Williams v. FreedomCard, Inc., supra,* 123 Cal.App.4th at p. 613 [party seeking de novo review of Commissioner's decision may "obtain a court order waiving the requirement of a bond or undertaking on the grounds of both indigency and inability to obtain the necessary bond"].) The primary question presented here is not whether waiver is available for the section 98.2(b) undertaking requirement, but rather *when* must a waiver request must be made. Robertson argues dismissal of his case for failing to file a waiver request within the time period for filing a notice of appeal is a deprivation of due process. We disagree.

1. *Timing of Waiver Request*

Robertson contends that neither *Palagin* nor any other published case addresses the issue of whether section 98.2(b) mandates filing a *waiver* request *before* expiration of the time in which to file a notice of appeal. He argues a waiver request is not required, or as a policy matter should not be required, prior to the expiration of the time to file a notice of appeal and that section 98.2(b) is not designed to "bar [a] financially distressed employer's ability to file an appeal from a . . . Commissioner's ruling."

Burkes responds that section 98.2(b) does not bar appeal by indigent employers, that nonindigent employers must meet the same deadline to actually post an undertaking, and an indigent employer is only required to *seek* a waiver within the time provided. We agree. To hold otherwise would create two different requirements for employer appeals under section 98.2—an undefined and potentially unlimited time to request an undertaking waiver for employers who assert indigence, regardless of merit, and the statutory deadline to post an undertaking for an employer who is not indigent. Providing a general exception for employers alleging indigency would completely defeat the purpose of the section 98.2(b) undertaking requirement and subvert the protections that the statutory requirements are intended to afford wage claimants.

7

Robertson contends the abbreviated appellate window available under section 98.2(b) makes it unduly burdensome and "harsh" to require filing a request for waiver within that time, particularly for a small self-represented employer. He suggests it is "difficult, if not impossible, to do within the 10-15 day period to file a notice of appeal" and requiring it would "nullify the purpose of Code of Civil Procedure section 998.240 [*sic*]."[6] We are not persuaded. The same burdens are imposed uniformly and equally on all appellants, and self-represented parties are " 'held to the same restrictive procedural rules as an attorney.' " (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247.) "A doctrine generally requiring or permitting exceptional treatment of parties who represent themselves would lead to a quagmire in the trial courts, and would be unfair to the other parties to litigation." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 985.)

The record here also reflects no impossibility, nor any undue burden. Robertson was advised in the Award itself of the time limits for filing an appeal, and he was further advised of the undertaking requirement "as a condition to filing an appeal" of the Award. He was apparently directly advised by a deputy Labor Commissioner that "in some cases" a judge might waive the undertaking requirement. Although Robertson then timely filed his notice of appeal, he made no effort to seek a waiver of the undertaking requirement until after the order to show cause was issued. The burden imposed to at least seek a waiver is certainly no greater than that required for a nonindigent employer to post an undertaking within the time provided. To seek a waiver, an appellant need only file a motion seeking relief from the undertaking requirement. (See Code Civ. Proc., § 1003 [defining a motion as "[a]n application for an order"].) A motion is deemed to have been brought before the court when it is served and filed. (*Id*., § 1005.5.)

---

[6] Robertson acknowledges the court did not address his argument regarding application of Code of Civil Procedure section 995.240 in this context, an issue we address *post*.

8

## 2.    *Sufficiency of Waiver Request*

Robertson also argues no published authority discusses the interplay of section 98.2(b) and Code of Civil Procedure section 995.240 for employer indigency waivers.  Section 98.2(b) does not specify what criteria to consider in determining whether an employer qualifies for relief from its undertaking requirement.  Therefore, we look to the provisions of Code of Civil Procedure section 995.240, which are generally applicable to statutory bonding requirements when a principal is indigent:[7]  "The court may, *in its discretion*, waive a provision for a bond in an action or proceeding and make such orders as may be appropriate as if the bond were given, if the court determines that the principal is unable to give the bond because *the principal is indigent* and *is unable to obtain sufficient sureties,* whether personal or admitted surety insurers.  In exercising its discretion *the court shall take into consideration all factors it deems relevant,* including but not limited to the *character of the action* or proceeding, the *nature of the beneficiary,* whether public or private, and the *potential harm to the beneficiary* if the provision for the bond is waived."  (Italics added.)

Code of Civil Procedure section 995.240 codifies the common law authority of the courts to exempt an indigent from an undertaking requirement.  (*Williams v. FreedomCard, Inc., supra,* 123 Cal.App.4th at p. 614; *Smith v. Adventist Health System/West* (2010) 182 Cal.App.4th 729, 740.)  A party seeking relief under this statute must make a motion to the trial court and has the burden of proving he was in fact indigent.[8]  (*Ferguson v. Keays* (1971) 4 Cal.3d 649, 658–659; *Williams,* at p. 614; see

---

[7] The Bond and Undertaking Law (Code Civ. Proc., § 995.010 et seq.) applies to any "undertaking executed, filed, posted, furnished, or otherwise given as security pursuant to any statute of this State, except to the extent the statute prescribes a different rule or is inconsistent."  (*Id*., § 995.020, subd. (a).)

[8] Robertson contends the trial court made a finding that he qualified for a waiver.  It did not.  While noting "it appear[ed]" Robertson qualified for a waiver, the trial court dismissed the appeal on jurisdictional grounds and so had no occasion to make a ruling on this question.  Robertson also asserts the facts presented to the court (his declaration) presented "incontrovertible evidence" that he was financially unable to post a cash deposit or to obtain a bond.  It is not appropriate for us to make such factual

9

*Fuller v. State of California* (1969) 1 Cal.App.3d 664, 668, 670–671 [party seeking waiver must establish *both* financial need *and* effort to obtain a bond].) However, a motion and a declaration of indigency is not sufficient alone to *grant* a waiver request.

Indigence is only one of several factors Code of Civil Procedure section 995.240 requires the court to consider. The nature of wage claims requires the trial court to also consider section 98.2(b)'s "overriding goal" of ensuring expeditious collection of wages which are due but unpaid (*Pressler v. Donald L. Bren Co., supra,* 32 Cal.3d at p. 837), as well as the legislative policies of discouraging frivolous appeals for purposes of delay and minimizing the time in which an employer might hide assets. (*Palagin, supra,* 222 Cal.App.4th at p. 137.) In considering potential harm to the employee beneficiary, the court must keep in mind that " '[d]elay of payment or loss of wages results in deprivation of the necessities of life, suffering inability to meet just obligations to others, and in many cases may make the wage-earner a charge upon the public.' " (*Kerr's Catering Service v. Department of Industrial Relations* (1962) 57 Cal.2d 319, 326.) Further, mere inconvenience or hardship alone is not a basis for having an undertaking requirement waived. (*Markley v. Superior Court* (1992) 5 Cal.App.4th 738, 749.)

Moreover, ample precedent also exists for requiring, as a condition to the grant of in forma pauperis relief, that an applicant "establish to the court's satisfaction that he is in fact indigent *and* that his claim or defense is not wholly frivolous." (*Ferguson v. Keays, supra,* 4 Cal.3d at p. 658.)[9] It is no deprivation of due process to require an applicant

_____

determinations in the first instance, and we decline Robertson's implicit invitation to do so. As we find the appeal was properly dismissed on jurisdictional grounds, we need not, and do not, decide whether Robertson would have been entitled to a waiver had an application been timely presented.

[9] "[T]he applicant should, at a minimum, submit (1) the certificate of his counsel, declaring that he is familiar with the facts underlying the action or appeal, that in his opinion his client's contentions have merit, and that the action or appeal is brought in good faith and not for purposes of delay or harassment, and (2) the declaration of the applicant, executed under penalty of perjury, stating that he is unable to pay the requisite filing fee without depriving himself or his dependents of the necessaries of life, and

10

seeking relief from the statutory protection afforded vulnerable employees to demonstrate at least a minimal showing of merit in his appeal. (Cf. Code Civ. Proc., § 391.7 [vexatious litigant statute requiring a preliminary showing of merit]; *Bravo v. Ismaj* (2002) 99 Cal.App.4th 211, 221–222 [vexatious litigant statutes constitutional and do not deny vexatious litigants access to the courts, but rather "operate[] solely to preclude the initiation of meritless lawsuits"].)

Finally, as observed in *Palagin,* "even if the jurisdictional undertaking requirement did affect the availability of the *trial de novo* process for employers, by no means does it deprive the employer of a full and fair opportunity to be heard on the employee's wage claim. The primary process for deciding wage claims is *not* the trial de novo reflected in section 98.2, but the administrative procedure reflected in section 98; requiring a timely [undertaking] for a trial de novo does nothing to minimize the employer's ability to make its case during the administrative process. A jurisdictional undertaking requirement therefore poses no barrier to a fair adjudication of the wage claim, but merely conditions the availability of a further trial de novo process that the Legislature does not have to provide at all." (*Palagin, supra,* 222 Cal.App.4th at p. 138.)

D.     *Conclusion*

We reiterate our conclusion in *Palagin* that the plain meaning of the language in section 98.2(b) establishes that the requirement of posting an undertaking by the deadline for a notice of appeal is jurisdictional. (*Palagin, supra,* 222 Cal.App.4th at p. 132.) The only exception is established by Code of Civil Procedure section 995.240 for relief from undertaking requirements generally, and that application for relief must be made *prior* to expiration of the time provided for appeal under section 98.2.[10]

---

briefly setting forth the facts which disclose his indigence." (*Ferguson v. Keays, supra,* 4 Cal.3d at p. 658, fns. omitted.)

[10] Of course, a necessary consequence of subsequent denial of an application found by the court to be unmeritorious would be dismissal of the appeal.

### III. DISPOSITION

The judgment dismissing Robertson's appeal from the Commissioner's Award is affirmed. Costs on appeal are awarded to the respondent.

                                   _____

                                   BRUINIERS, J.

WE CONCUR:


_____

SIMONS, Acting P. J.


_____

NEEDHAM, J.


A150249

Superior Court of Solano County, No. FCS047326, Scott L. Kays, Judge.

Law Offices of Randal M. Barnum, Randal M. Barnum and Carrie E. Croxall for Defendant and Appellant.

M. Colleen Ryan for Plaintiff and Respondent.