Filed 10/13/22  Del Real v. Ernst CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| EFRAIN DEL REAL, | B312088 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 20STCP03671) |
| v. | |
| MARITZA LUCERO ERNST, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Stephen I. Goorvitch, Judge.  Affirmed.

Law Offices of Timothy L. O'Reilly and Timothy L. O'Reilly for Defendant and Appellant.

Max Norris for Plaintiff and Respondent.

———————————————

Efrain Del Real initiated proceedings before the Labor Commissioner to recover unpaid wages and penalties based on painting work performed for Maritza Lucero Ernst. Following a hearing, the Labor Commissioner issued an award in favor of Del Real in the amount of $31,786.18. Ernst timely appealed that award to the superior court but did not post a bond as required by Labor Code[1] section 98.2, subdivision (b), or obtain a waiver of that bond requirement, a jurisdictional requirement of her appeal. The superior court therefore dismissed Ernst's appeal.

Del Real then obtained a judgment from the superior court based on the final award of the Labor Commissioner. Ernst moved to vacate that judgment, but the superior court denied the motion, concluding, among other things, that Ernst's failure to properly appeal the Labor Commissioner's award under section 98.2 prevented it from addressing the merits of Ernst's motion. Ernst appeals from the judgment and the denial of her motion to vacate it. We agree that Ernst's failure to properly appeal the Labor Commissioner's award to the superior court barred the court from granting her relief from the judgment, and we affirm.

---

[1] All statutory references are to the Labor Code unless noted otherwise.

2

# FACTUAL AND PROCEDURAL BACKGROUND

## I.   Background[2]

Maritza Lucero Ernst is a homeowner in Los Angeles County.  Ernst hired Efrain Del Real in November 2017 to paint her house.  Del Real did not have a contractor's license.  Ernst knew this, but hired Del Real anyway in order to save money.

According to Del Real, Ernst first hired him to paint the outside of her house for $2,600.  Ernst then hired Del Real to paint the interior of her house.  Ernst wanted the interior painting completed in six days and agreed to pay Del Real $4,300 for painting and $700 for replacing light fixtures.  Del Real worked twelve hours a day for six days to complete the job.  Although Ernst provided Del Real a check for $1,000, Ernst later stopped payment on the check.  Ernst did not pay Del Real what she owed him for the interior work because she was dissatisfied with his performance.

According to Ernst and her husband, Ernst hired Del Real to perform painting work on her house as an independent contractor and agreed to pay him by the job instead of by the hour.  Her agreement with Del Real was not in writing.  Del Real brought others with him to perform the work and supplied the necessary paint and materials.  Ernst and her husband did not supervise Del Real's work, Del Real set his own work hours, and Del Real hired and paid his crew.  After Ernst's husband found

---

[2]     Our description of the facts underlying Del Real's wage claim is based on the testimony and findings described in the order, decision, and award of the Labor Commissioner.  Appellant's Appendix does not include a transcript or any other record of the proceedings before the Labor Commissioner.

3

Del Real painting the interior of the house in the dark, he terminated Del Real's services.[3]

## II. Labor Commissioner Proceedings

On November 22, 2017, Del Real filed a claim against Ernst with the Labor Commissioner seeking $5,000 in regular wages[4]; $300 in business expenses; liquidated damages (§ 1194.2); waiting time penalties (§ 203); and penalties for the stopped check (§ 203.1).

After an administrative hearing in October 2019, the Labor Commissioner issued an order, decision, and award (Award). Finding that Del Real's painting work required a contractor's license but that Del Real lacked one, the Labor Commissioner applied section 2750.5, which establishes "a rebuttable presumption affecting the burden of proof that a worker performing services for which a license is required pursuant to Chapter 9 (commencing with Section 7000) of Division 3 of the Business and Professions Code, or who is performing such services for a person who is required to obtain such a license is an employee rather than an independent contractor." After weighing the factors for determining independent contractor

---

[3] The Labor Commissioner's award suggests that Ernst and/or her husband terminated Del Real because, in addition to painting in the dark, Del Real was found drinking beer on the job.

[4] The Labor Commissioner's award initially states that Del Real sought $5,400 in regular wages, but later states he sought $5,000 in regular wages. The discrepancy is not material to the outcome of the appeal.

4

status listed in section 2750.5, subdivisions (a) through (c),[5] the Labor Commissioner concluded that Del Real was Ernst's employee, not an independent contractor as Ernst alleged, and awarded Del Real wages, liquidated damages, interest, and waiting time penalties totaling $31,786.18. The Labor Commissioner's office served the Award by mail on Ernst on April 22, 2020.

[5] Those factors are as follows: "(a) That the individual has the right to control and discretion as to the manner of performance of the contract for services in that the result of the work and not the means by which it is accomplished is the primary factor bargained for. [¶] (b) That the individual is customarily engaged in an independently established business. [¶] (c) That the individual's independent contractor status is bona fide and not a subterfuge to avoid employee status. A bona fide independent contractor status is further evidenced by the presence of cumulative factors such as substantial investment other than personal services in the business, holding out to be in business for oneself, bargaining for a contract to complete a specific project for compensation by project rather than by time, control over the time and place the work is performed, supplying the tools or instrumentalities used in the work other than tools and instrumentalities normally and customarily provided by employees, hiring employees, performing work that is not ordinarily in the course of the principal's work, performing work that requires a particular skill, holding a license pursuant to the Business and Professions Code, the intent by the parties that the work relationship is of an independent contractor status, or that the relationship is not severable or terminable at will by the principal but gives rise to an action for breach of contract." (§ 2750.5, subds. (a)–(c).)

## III. Superior Court Proceedings

### A. Ernst's Appeal from the Labor Commissioner Proceedings

Ernst timely appealed the Award to the superior court on May 6, 2020, but did not post the required bond with the court in the amount of the Award. (§ 98.2, subds. (a), (b).) Instead, Ernst concurrently filed a request to waive the bond requirement based on her alleged indigency. (Code Civ. Proc., § 995.240.)

On May 13, 2020, the court, Judge Mark C. Kim presiding, denied Ernst's request to waive the bond requirement. On May 28, 2020, Ernst moved for reconsideration of that ruling. After initially hearing the motion, the court granted a continuance to permit Ernst additional time to provide evidence of her indigency.

Ernst apparently did not supply sufficient evidence, and on October 22, 2020, the court denied her motion for reconsideration and issued an order to show cause based on her failure to post the required bond. By November 5, 2020, the date of the hearing on the order to show cause, Ernst had not posted the required bond. The court therefore dismissed her appeal without prejudice.

### B. Entry of Judgment on Final Labor Commissioner Award

On November 6, 2020, the superior court clerk entered judgment on the Award.[6] (§ 98.2, subds. (d), (e).)

---

[6] Judgment was entered in the amount of $34,058.33, which included post-hearing interest and costs. The matter was assigned a different case number from that assigned to Ernst's previously dismissed appeal.

6

Ernst then moved to vacate the judgment pursuant to Code of Civil Procedure section 663.[7] Ernst contended that, as found by the Labor Commissioner, Del Real lacked a required contractor's license to perform painting work for Ernst. Ernst argued that judgment on the Award was therefore inconsistent with Business and Professions Code section 7031, subdivision (a), which prohibits any "person engaged in the business or acting in the capacity of a contractor" from bringing any action or recovering "in law or equity in any action, in any court of this state for the collection of compensation for the performance of any act or contract where a license is required by this chapter . . . ."

Del Real opposed Ernst's motion. He argued that because Ernst abandoned her de novo appeal of the Award by failing to post the required bond, she was barred from challenging the

[7] Code of Civil Procedure section 663 provides: "A judgment or decree, when based upon a decision by the court, or the special verdict of a jury, may, upon motion of the party aggrieved, be set aside and vacated by the same court, and another and different judgment entered, for either of the following causes, materially affecting the substantial rights of the party and entitling the party to a different judgment: [¶] 1. Incorrect or erroneous legal basis for the decision, not consistent with or not supported by the facts; and in such case when the judgment is set aside, the statement of decision shall be amended and corrected. [¶] 2. A judgment or decree not consistent with or not supported by the special verdict." Del Real contends a motion to vacate under this statute does not apply to the entry of judgment based on the final award of the Labor Commissioner, as opposed to "a decision by the court, or the special verdict of a jury." (*Ibid.*) Because we affirm the superior court's denial of Ernst's motion to vacate on other grounds, we need not resolve that issue in this appeal.

7

clerk's subsequent entry of judgment. Del Real further argued that Ernst's motion to vacate the judgment pursuant to Code of Civil Procedure section 663 was improper because the judgment was not "based upon a decision by the court, or the special verdict of a jury" (Code Civ. Proc., § 663), but instead was based on the Award.

On February 5, 2021, the superior court, Judge Stephen I. Goorvitch presiding, denied Ernst's motion to vacate the judgment. Relevant here, the court concluded that it lacked jurisdiction to grant the relief sought by Ernst because she failed to properly appeal from the Award, and that granting her relief following entry of judgment would permit a second appeal of that Award contrary to section 98.2.[8]

Ernst timely appealed the judgment and the order denying her motion to vacate.

## DISCUSSION

### A. Standard of review

"[A]n appealed judgment is presumed correct, and appellant bears the burden of overcoming the presumption of correctness." (*Boyle v. CertainTeed Corp.* (2006) 137 Cal.App.4th 645, 649–650.)

"The governing standard of review of a trial court order refusing to vacate a judgment is that 'if any applicable ground will sustain the trial court's order, the ruling will not be

---

[8]     The superior court cited several additional grounds for its ruling. We do not address these rulings because, as discussed herein, we agree with the superior court that Ernst's failure to properly appeal from the Labor Commissioner's award bars the relief she seeks.

8

disturbed on appeal . . . .' " (*Philippine Export & Foreign Loan Guarantee Corp. v. Chuidian* (1990) 218 Cal.App.3d 1058, 1076.) "[A] motion in the trial court to set aside a judgment is addressed to its sound discretion and will not be reversed without a clear showing of abuse of discretion." (*Id.* at p. 1077.)

## B.    Statutory Scheme

"If an employer fails to pay wages as required by statute or contract, an employee may . . . seek administrative relief by filing a wage claim" with the Labor Commissioner under the statutory scheme set forth in section 98 et seq. (*Palagin v. Paniagua Construction, Inc.* (2013) 222 Cal.App.4th 124, 129 (*Palagin*).) The Labor Commissioner may then hold a hearing conducted by a deputy commissioner. (*Ibid.*) That hearing "is designed to provide a speedy, informal, and affordable method of resolving wage claims, avoiding recourse to costly and time-consuming judicial proceedings." (*Ibid.*) After the hearing, the Labor Commissioner files and serves its order, decision, or award on the parties. (*Ibid.*)

Within 10 days of service of the notice of the award, extended by five days if service is by mail, "the parties may file a notice of appeal in the superior court, 'where the appeal shall be heard de novo.' " (*Palagin*, *supra*, 222 Cal.App.4th at pp. 129–130; § 98.2, subd. (a); Code Civ. Proc., § 1013, subd. (a).) "[T]he filing of the notice of appeal vests jurisdiction in the superior court to conduct the trial de novo." (*Palagin*, at p. 132.)

If an employer files a notice of appeal, however, it "shall first post an undertaking with the reviewing court in the amount of the . . . award." (§ 98.2, subd. (b).) The "immediate purpose" of this undertaking requirement "is to provide assurance that a judgment in favor of the employee will be satisfied." (*Palagin*,

9

*supra*, 222 Cal.App.4th at p. 130.)  The "broader purpose of this provision . . . is to 'discourage employers from filing frivolous appeals and from hiding assets in order to avoid enforcement of the judgment.' [Citation.]" (*Ibid*.)  Because this undertaking requirement is "a condition to filing an appeal," the requirement is mandatory and jurisdictional.  (§ 98.2, subd. (b); *Palagin*, at pp. 126, 132, 140.)  Thus, "[i]f the appeal and the undertaking are not filed within the time set forth in section 98.2, the trial court is without jurisdiction to hear the case." (*Tabarrejo v. Superior Court* (2014) 232 Cal.App.4th 849, 864.)

However, a party appealing a decision of the Labor Commissioner "is entitled as a matter of due process to seek relief from the section 98.2 undertaking requirement." (*Burkes v. Robertson* (2018) 26 Cal.App.5th 334, 343 (*Burkes*).)  An "employer may obtain a court order waiving the requirement of a bond or undertaking on the grounds of both indigency and inability to obtain the necessary bond." (*Williams v. Freedomcard, Inc.* (2004) 123 Cal.App.4th 609, 614 (*Williams*).)  But "that application for relief must be made *prior* to expiration of the time provided for appeal under section 98.2." (*Burkes*, at p. 347.)  Moreover, "a necessary consequence of subsequent denial of an application found by the court to be unmeritorious would be dismissal of the appeal." (*Id.*, fn. 10.)

"If no notice of appeal of the order, decision, or award is filed within the period set forth in subdivision (a), the order, decision, or award shall, in the absence of fraud, be deemed the final order." (§ 98.2, subd. (d).)  "The Labor Commissioner shall file, within 10 days of the order becoming final pursuant to subdivision (d), a certified copy of the final order with the clerk of the superior court of the appropriate county unless a settlement

10

has been reached by the parties and approved by the Labor Commissioner.  Judgment shall be entered immediately by the court clerk in conformity therewith."  (§ 98.2, subd. (e).)

### C. The Superior Court Correctly Entered Judgment in Favor of Del Real

As an initial matter, we note that Ernst does not challenge the superior court's dismissal of her de novo appeal from the Award.  It is undisputed that Ernst failed to post the required bond with her appeal to the superior court in accordance with section 98.2, subdivision (b), and Ernst did not appeal the superior court's ruling that she failed to support her bond waiver application with adequate evidence.  (See *Williams*, *supra*, 123 Cal.App.4th at p. 615 [affirming dismissal of de novo appeal to superior court under section 98.2 where employer failed to post bond or obtain waiver of bond requirement].)

Notwithstanding the dismissal of her appeal from the Award, Ernst argues that she retained the ability to challenge the superior court's subsequent entry of judgment.  According to Ernst, the Labor Commissioner erred in determining that Del Real was an employee, not an independent contractor, when he performed the disputed work.  Ernst further argues that because Del Real was an independent contractor but lacked a required contractor's license, Business and Professions Code section 7031, subdivision (a), barred the Labor Commissioner from awarding Del Real unpaid wages, and similarly barred the superior court from entering judgment based on the Labor Commissioner's allegedly erroneous award.

We are not persuaded by Ernst's arguments, which would permit an end-run around the strict requirements for de novo appeal of a Labor Commissioner award under section 98.2.  An

11

appeal to the superior court in accordance with the procedure set forth in section 98.2—including a timely appeal, and either posting a bond or obtaining a waiver of that bond requirement (§ 98.2, subds. (a), (b); *Williams*, *supra*, 123 Cal.App.4th at p. 614)—is the sole means to challenge the merits of a Labor Commissioner award. Courts have therefore declined to reach the merits of such an award where those requirements were not met, and so do we.

For example, in *Williams*, an employer and its director appealed to the superior court under section 98.2 from the Labor Commissioner's award finding that the employer and director were jointly and severally liable to an employee for unpaid wages. (*Williams*, *supra*, 123 Cal.App.4th at pp. 612–613.) As here, because the employer and director failed to post the required bond or provide adequate evidence to obtain a waiver of the bond requirement, the superior court dismissed the action. (*Id.* at p. 613.)

The Court of Appeal affirmed the superior court's determination that the employer and director were not entitled to a waiver of the bond requirement. (*Williams*, *supra*, 123 Cal.App.4th at p. 615.) Relevant here, the court declined to address the argument of the employer and director that the Labor Commissioner erred by holding them jointly and severally liable for the employee's unpaid wages: "Indeed, if we addressed the merits of the above claim, it would be tantamount to relieving [the employer and director] of the requirement of posting a bond. Because the requirements for filing an appeal of the Labor Commissioner's order, decision or award were not met, the trial court properly did not consider the merits of the case, and neither may we." (*Ibid.*)

The court reached a similar conclusion in *Cardinal Care Management, LLC v. Afable* (2020) 47 Cal.App.5th 1011 (*Cardinal Care*). There, the Labor Commissioner awarded unpaid wages to former employees of several residential care facilities. (*Id*. at p. 1016.) The employers appealed the Labor Commissioner's award to the superior court pursuant to section 98.2 and applied for a waiver of the bond requirement. (*Ibid*.) As here, the superior court denied the employers' request for a waiver and dismissed their appeal. (*Id*. at p. 1018.)

On appeal, the court declined to consider the argument that the Labor Commissioner erred by imposing individual liability on the employers' principal. (*Cardinal Care, supra*, 47 Cal.App.5th at p. 1023.) Citing *Williams*, the court ruled that it "would be inappropriate here to decide whether the [Labor] Commissioner erred in holding [the principal] individually liable, for to address the merits of appellants' challenge to the [Labor] Commissioner's ruling would be tantamount to relieving appellants of the requirement that they post a bond to appeal that ruling." (*Ibid*.)

As in *Williams* and *Cardinal Care*, we decline to reach the merits of Ernst's challenge to the Award. Indeed, Ernst's principal argument on appeal is that the Labor Commissioner erred in determining Del Real was an employee, not an independent contractor, when he performed the disputed work. This is a direct challenge to the merits of the Award. Because Ernst failed to post the bond required by section 98.2, subdivision (b), or obtain a waiver from that requirement, reaching the merits of her challenge to the Award would be tantamount to relieving her of the requirements of section 98.2. (*Cardinal Care, supra*, 47 Cal.App.5th at p. 1023; *Williams, supra*, 123 Cal.App.4th at p. 615.)

13

Nor are we persuaded a different result is warranted because Ernst appeals the superior court's entry of judgment, not the dismissal of her de novo appeal of the Labor Commissioner's award under section 98.2. This argument elevates form over substance. The reason Ernst contends the superior court was barred from entering judgment under Business and Professions Code section 7031, subdivision (a), is the Labor Commissioner's allegedly erroneous determination that Del Real was entitled to unpaid wages despite being an unlicensed contractor. In other words, the foundation of Ernst's argument that the superior court erred in entering judgment is her challenge to the merits of the Award. For the reasons described earlier, we decline to address the merits of Ernst's challenge to the Award.[9]

### D.     Ernst's Remaining Arguments Lack Merit

Ernst raises several additional arguments in support of her appeal. She contends that the Labor Commissioner's imposition of liquidated damages and waiting time penalties of more than $25,000 was unconstitutionally excessive; that requiring her to

---

[9]     Ernst relies on *Fillmore v. Irvine* (1983) 146 Cal.App.3d 649 in support of her argument that Business and Professions Code section 7031, subdivision (a), barred the superior court from entering judgment based on the Labor Commissioner's award. That case is distinguishable. It does not concern the superior court's authority to enter judgment based on a final award of the Labor Commissioner where an appeal from the Labor Commissioner's award was forfeited. We express no view about whether, had Ernst raised her argument regarding Business and Professions Code section 7031, subdivision (a), in connection with a proper de novo appeal, the argument would have been meritorious.

post a bond as a condition of a de novo appeal under section 98.2 deprived her of due process and that subjecting her to the bond requirement while permitting others with similar claims to access the courts without imposing a bond requirement violated equal protection.

Ernst forfeited these arguments by failing to raise them before the trial court.  (See *Jackpot Harvesting Co., Inc. v. Superior Court* (2018) 26 Cal.App.5th 125, 154 ["As a general rule, 'constitutional issues not raised in earlier civil proceedings are waived on appeal.' "]; *Fourth La Costa Condominium Owners Assn. v. Seith* (2008) 159 Cal.App.4th 563, 585 [declining to reach due process and equal protection arguments not raised in trial court].)  But even if we were to consider them for the first time on appeal (*Hale v. Morgan* (1978) 22 Cal.3d 388, 394 (*Hale*)), we would conclude they lack merit.

## 1.  The Labor Commissioner Did Not Impose Excessive Penalties Against Ernst

Ernst cites only *Hale* in support of her argument that imposition of liquidated damages and waiting time penalties was unconstitutionally excessive, but *Hale* emphasized that the statutory scheme at issue in that case imposed "potentially infinite penalties."  (*Hale*, *supra*, 22 Cal.3d at p. 402; see also *id.* at p. 399 ["importantly, the duration of the penalties is potentially unlimited"]; *id.* at p. 404 ["operation of the penalty . . . is mandatory, mechanical, potentially limitless in its effect"].)

In concluding the penalty provision at issue could produce unconstitutionally excessive penalties, *Hale* contrasted the provision with other statutes appropriately limiting penalties "to a fixed multiple of actual damages, to a specified total amount per 'violation' or to a fixed duration," and cited Labor Code

15

section 203—the very provision at issue in Ernst's appeal[10]—as one such example. (*Hale, supra,* 22 Cal.3d at p. 401 ["One statute, Labor Code section 203, while imposing a daily penalty for a continuing failure to pay wages due at an employee's termination, nonetheless limits the penalty to 30 days."]; § 203, subd. (a) [imposing penalty of unpaid wages but providing that "the wages shall not continue for more than 30 days."].) *Hale* further observed that imposition of the challenged penalty provision "over a limited period may indeed, in a given case, be a perfectly legitimate means of encouraging compliance with [the] law." (*Hale,* at p. 404.)

*Hale* therefore undermines, not supports, Ernst's argument that the penalties imposed by section 203 are unconstitutionally excessive. Because Ernst fails to direct our attention to any other case law, let alone a case holding that imposition of the maximum statutory penalty under section 203 was unconstitutionally excessive, we decline to reach that conclusion here.

---

[10] Ernst challenges both the Labor Commissioner's imposition of $24,999.99 in penalties pursuant to section 203, and $480 in liquidated damages pursuant to section 1194.2. Given the significantly greater penalty imposed under section 203, we assume Ernst's challenge focuses on that section. Even so, we note that the liquidated damages imposed by section 1194.2, like the penalties imposed by section 203, are not potentially unlimited like the penalties at issue in *Hale.* (§ 1194.2, subd. (a) ["an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."].)

16

## 2. The Bond Requirement Under Section 98.2 Does Not Violate Due Process or Equal Protection

Ernst argues that the bond requirement in section 98.2 amounts to a "filing fee [that] effectively prevents access to the courts, depriving the homeowner of property" in violation of due process. We disagree.

Ernst was *not* required to post a bond to obtain a de novo appeal under section 98.2. As noted, she had the right to seek a waiver of the bond requirement (*Burkes*, *supra*, 26 Cal.App.5th at p. 343), and exercised that right by seeking a waiver of the bond requirement with the superior court.

In any event, we agree with the court's conclusion in *Palagin* that "even if the jurisdictional undertaking requirement did affect the availability of the *trial de novo* process for employers, by no means does it deprive the employer of a full and fair opportunity to be heard on the employee's wage claim." (*Palagin*, *supra*, 222 Cal.App.4th at p. 138.) As the court observed, the "primary process for deciding wage claims is *not* the trial de novo reflected in section 98.2, but the administrative procedure reflected in section 98; requiring a timely bond for a trial de novo does nothing to minimize the employer's ability to make its case during the administrative process. A jurisdictional undertaking requirement therefore poses no barrier to a fair adjudication of the wage claim, but merely conditions the availability of a further trial de novo process that the Legislature does not have to provide at all." (*Ibid.*)

We find the reasoning of *Palagin* persuasive and conclude that the bond requirement under section 98.2 did not deprive

Ernst of due process.[11]  (Cf. *Cardinal Care*, *supra*, 47 Cal.App.5th at p. 1023 [rejecting "appellants' suggestion that the limited 10-day time period for obtaining an undertaking deprived them of substantive due process."]; *Burkes*, *supra*, 26 Cal.App.5th at pp. 344–345 [rejecting argument that "abbreviated appellate window under section 98.2(b) makes it unduly burdensome and 'harsh' to require filing a request for [bond] waiver within that time, particularly for small, self-represented employer."].)

---

[11]     Ernst cites *Payne v. Superior Court* (1976) 17 Cal.3d 908 (*Payne*), *Brooks v. Small Claims Court* (1973) 8 Cal.3d 661, and *Wiren v. Eide* (9th Cir. 1976) 542 F.2d 757 (*Wiren*), in support of her due process argument.  Those cases are distinguishable. *Payne* addressed whether an indigent prisoner was denied due process in a civil suit where he was unable to appear and defend the suit or afford counsel.  (*Payne*, at pp. 911–912.)  By contrast, the record suggests Ernst appeared at both the Labor Commissioner and superior court proceedings.  In *Brooks*, the petitioner challenged the undertaking requirement for an appeal from small claims court, contending the "undertaking requirement unconstitutionally deprive[d] her of her property before there has been a due process hearing with the right to counsel."  (*Brooks*, at p. 665.)  Here, however, Ernst was entitled to be represented by counsel at all stages of her de novo appeal, including during her efforts to obtain a waiver of the bond requirement.  We also note that *Skelly v. State Personnel Bd.* (1975) 15 Cal.3d 194, criticized *Brooks* for using a "rather rigid and mechanical interpretation of the due process clause," which was inconsistent with the "somewhat less inflexible" approach of more recent high court decisions.  (*Skelly*, at pp. 208–209.)  Last, unlike section 98.2, the statutory scheme at issue in *Wiren* did not provide an indigent claimant a means of obtaining relief from the applicable bond requirement.  (*Wiren*, at p. 764.)

18

Last, Ernst contends it violates equal protection to require her to post a bond to obtain a de novo appeal under section 98.2, "while permitting others to have access to the courts over similar claims" without requiring such a bond. We reject this argument too.

Ernst's equal protection argument, which does not identify a suspect classification or fundamental right, is entitled to rational basis review. (See *Ortwein v. Schwab* (1973) 410 U.S. 656, 660 [equal protection challenge to filing fee for review of public benefits determination subject to rational basis review]; *United States v. Kras* (1973) 409 U.S. 434, 446 [equal protection challenge to bankruptcy court filing fee by indigent petitioner subject to rational basis review]; *Gates v. Superior Court* (1995) 32 Cal.App.4th 481, 514 [noting high court "has repeatedly applied the rational basis test to statutes affecting the right to participate in civil litigation."].) "To mount a successful rational basis challenge, a party must ' "negative every conceivable basis" ' that might support the disputed statutory disparity." (*Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 881.) "If a plausible basis exists for the disparity, courts may not second-guess its ' "wisdom, fairness, or logic." ' " (*Ibid*.)

We have little trouble finding a plausible basis for the bond requirement of section 98.2, subdivision (b). The purpose of the bond requirement is to " 'discourage employers from filing frivolous appeals and from hiding assets in order to avoid enforcement of the judgment.' " (*Palagin, supra*, 222 Cal.App.4th at p. 137; see also *Cardinal Care, supra*, 47 Cal.App.5th at pp. 1018–1019 [bond requirement "discourages unmeritorious appeals and minimizes the time for an employer to divest itself of assets in order to deprive the employee of the possibility of

19

enforcing the award"].) Ernst offers no reason that the bond requirement in section 98.2, subdivision (b), is not an effective means to accomplish this statutory purpose.[12] Thus, rational basis review is met.

---

[12] Ernst's reliance on *Payne* and *Wiren* in support of her equal protection argument is again misplaced. *Payne* required a "compelling state interest" to resolve the equal protection claim at issue (*Payne, supra,* 17 Cal.3d at p. 919); here only rational basis review is required, and we find that standard easily satisfied. Moreover, the bond requirement at issue in *Wiren* barred indigent parties "of the opportunity for any hearing at all." (*Wiren, supra,* 542 F.2d at p. 763.) Here, Ernst had a hearing before the Labor Commissioner on Del Real's wage claim, and the bond requirement did not bar her from seeking a de novo appeal under section 98.2. Rather, she had the right to obtain a waiver of the bond requirement. (*Burkes, supra,* 26 Cal.App.5th at p. 343.)

## DISPOSITION

The judgment is affirmed.  Del Real shall recover his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EDMON, P. J.


We concur:



EGERTON, J.



ADAMS, J.*

---

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.